**DYKEMA GOSSETT LLP**
Brian H. Newman (SBN 205373)
*bnewman@dykema.com*
444 S. Flower Street, Suite 2200
Los Angeles, CA 90071
Telephone: (213) 457-1800
Facsimile: (213) 457-1850

**DYKEMA GOSSETT PLLC**
Michael J. Word (*pro hac vice*)
*MWord@dykema.com*
10 South Wacker Drive, Suite 2300
Chicago, IL 60606
Telephone: (312) 876-1700
Facsimile: (312) 876-1155

J. Daniel Harkins (*pro hac vice*)
*dharkins@dykema.com*
Ryan D. Borelo (*pro hac vice*)
*rborelo@dykema.com*
112 East Pecan Street, Suite 1800
San Antonio, TX 78205
Telephone: (210) 554-5500
Facsimile: (866) 219-7593

DYKEMA GOSSETT LLP
444 South Flower Street
Suite 2200
Los Angeles, California 90071

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

TAKE-TWO INTERACTIVE SOFTWARE, INC.,

Plaintiff,

v.

PLAYERAUCTIONS, INC., a company organized under the laws of Delaware; IMI EXCHANGE LLC, a company organized under the laws of Delaware; PAIAO NETWORK TECHNOLOGY (SHANGHAI) CO., LTD. (拍奥网络科技（上海）有限公 司), a/k/a PLAYERAUCTIONS (SH) CO. LTD., a company organized under the laws of China; and DOES 1 through 10, inclusive,

Defendants.

Case No. 2:25-cv-01880 ODW (JDE)

**DEFENDANTS PLAYERAUCTIONS, INC. AND IMI EXCHANGE LLC'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6): MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Date: June 2, 2025
Time: 1:30 p.m.
Ctrm: 5D

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on June 2, 2025, at 1:30 p.m., or as soon thereafter as the matter may be heard by the Honorable Otis D. Wright, in Courtroom 5D of the United States District Court for the Central District of California, located at 350 W. 1st Street, Los Angeles, California 90012, Defendants PlayerAuctions, Inc. and IMI Exchange LLC (collectively "Defendants") will, and hereby, do move this Court for an Order dismissing the Complaint ("Complaint") filed by Plaintiff Take-Two Interactive Software, Inc. ("Plaintiff").

This Motion is made pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and is based on the grounds that the Complaint fails to state a claim upon which relief may be granted.

Defendants' request is based on this Notice of Motion and Motion to Dismiss, the accompanying Memorandum of Points and Authorities, on the Request for Consideration of Material Under Doctrine of Incorporation by Reference filed concurrently herewith, on any reply papers, the complete file and records of this action, and such other oral and documentary evidence as may be presented at the time of hearing.

This motion is made following the conference of counsel pursuant to Local Rule 7-3 which took place on April 24, 2025.

Dated: May 1, 2025

DYKEMA GOSSETT LLP

By: */s/ Brian H. Newman*
Brian H. Newman
Attorneys for Defendants
PlayerAuctions, Inc. and IMI Exchange LLC

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION .......... 9

II. LEGAL STANDARD .......... 10

III. ARGUMENT .......... 11

A. Plaintiff Has Not Pled—and Cannot Plead—Facts Sufficient to Support Direct Infringement .......... 11

B. Plaintiff's Claims for Indirect Copyright Infringement Fail As A Matter Of Law .......... 14

C. Plaintiff's Claims Based on *Grand Theft Auto Online* Must Be Dismissed For Failure To Show Registration .......... 18

D. Plaintiff's Trademark Claims Should Be Dismissed .......... 19

1. Take-Two has Failed to Plead Facts Sufficient to Show a Likelihood of Consumer Confusion .......... 20

2. Plaintiff's Allegations Establish Defendants' Legally Permissible "Nominative Use" of Its Mark .......... 24

E. Plaintiff's Claim for Intentional Interference with Contractual Relations Must Be Dismissed Because There Is No "Wrongful Act" .......... 27

IV. CONCLUSION .......... 28

3

DEFENDANTS NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT, MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adams v. Johnson*,
355 F.3d 1179 (9th Cir. 2004) .... 21

*AMF, Inc. v. Sleekcraft Boats*,
599 F.2d 341 (9th Cir. 1979) .... 20, 21

*Applied Underwriters, Inc. v. Lichtenegger*,
913 F. 3d 884 (9th Cir. 2019) .... 24, 26

*Applied Underwriters Inc. v. Lichtenegger*,
No. 2:15-cv-02445, 2017 U.S. Dist. LEXIS 104535
(E.D. Cal. July 5, 2017), *aff'd*, 913 F. 3d 884 (9th Cir. 2019) .... 25

*Architectural Mailboxes, LLC v. Epoch Design, LLC*,
No. 10cv974 DMS (CAB), 2011 U.S. Dist. LEXIS 46180
(S.D. Cal. 2011) .... 24

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) .... 10

*Balistreri v. Pacifica Police Dep't.*,
901 F.2d 696 (9th Cir. 1988) .... 10

*Bank of N.Y. Mellon Tr. Co. v. Morgan Stanley Mortg. Cap., Inc.*,
821 F.3d 297 (2d Cir. 2016) .... 15, 17

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) .... 10

*BMG Rts. Mgmt.(US) LLC v. Joyy Inc.*,
716 F. Supp. 3d 835 (C.D. Cal. 2024) .... 13

*Carrico v. City and Cnty. of San Francisco*,
656 F.3d 1002 (9th Cir. 2011) .... 11

*Coto Settlement v. Eisenberg*,
593 F.3d 1031 (9th Cir. 2010) .... 23

*Entrepreneur Medica, Inc. v. Smith*,
279 F.3d 1135 (9th Cir. 2002) .......... 20

*Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*,
499 U.S. 340 (1991) .......... 11

*Foad Consulting Group v. Musil Govan Azzalino*,
270 F.3d 821 (9th Cir. 2001) .......... 14

*Fourth Est. Pub. Benefit Corp. v. WallStreet.com, LLC*,
586 U.S. 296, 139 S. Ct. 881, 203 L.Ed.2d 147 (2019) .......... 18

*In re Gilead Scis. Sec. Litig.*,
536 F.3d 1049 (9th Cir. 2008) .......... 10

*Graham v. James*,
144 F.3d 229 (2d Cir. 1998) .......... 14, 15, 17

*Great Minds v. Office Depot, Inc.*,
945 F.3d 1106 (9th Cir. 2019) .......... 11

*GS Holistic, LLC v. Shinware*,
No. 2:23-cv-0355-CSK, 2024 U.S. Dist. LEXIS 148820 (E.D. Cal. Aug. 19, 2024) .......... 19

*Gutenberg v. Move, Inc.*,
No. 2:21-cv-02382-ODW, 2021 U.S. Dist. LEXIS 158026 (C.D. Cal. Aug. 20, 2021) .......... 13

*Hensley Mfg. v. ProPride, Inc.*,
579 F.3d 603 (6th Cir. 2009) .......... 24

*Infostream Group Inc. v. Avid Life Media Inc.*,
Case No. CV 12-09315 DDP, 2013 U.S. Dist. LEXIS 161940 (C.D. Cal. Nov. 12, 2013) .......... 22

*Interstellar Starship Servs. v. Epix, Inc.*,
304 F.3d 936 (9th Cir. 2002) .......... 21

*Ixchel Pharma, LLC v. Biogen, Inc.*,
470 P.3d 571, 9 Cal. 5th 1130 (2020) .......... 27, 28

*Khoja v. Orexigen Therapeutics, Inc.*,
899 F.3d 988 (9th Cir. 2018) .......... 23

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

*Klein-Becker USA, LLC v. Prod. Quest Mfg., Inc.*, 429 F.Supp.2d 1248 (D. Utah 2005) .......... 24

*Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134 (2003) .......... 27

*Lee v. City of Los Angeles*, 250 F.3d 668 (9th Cir. 2001) .......... 10, 15

*Levi Strauss & Co. v. Abercrombie & Fitch Trading Co.*, 633 F.3d 1158 (9th Cir. 2011) .......... 25

*Matrix Essential, Inc. v. Emporium Drug Mart, Inc.*, 756 F.Supp. 280 (W.D. La. 1991) *aff'd*, 988 F.2d 587 (5th Cir. 1993) .......... 23

*MDY Indus., LLC v. Blizzard Ent., Inc.*, 629 F. 3d 928 (9th Cir. 2010) .......... 14, 18

*Motul S.A. v. USA Wholesale Lubricant, Inc.*, 686 F. Supp. 3d 900 (N.D. Cal. 2023) .......... 20, 21

*Murray v. Cable Nat'l Broad. Co.*, 86 F.3d 858 (9th Cir. 1996) .......... 20

*Nadav v. Beardwood & Co. LLC*, 17 Civ. 6465 (AKH), 2018 U.S. Dist. LEXIS 10451 (S.D.N.Y. Jan. 17, 2018) .......... 17

*Network Automation, Inc. v. Advanced Sys. Concepts*, 638 F.3d 1137 (9th Cir. 2011) .......... 22

*New Kids on the Block v. News Am. Publ'g, Inc.*, 971 F.2d 302 (9th Cir. 1992) .......... 24, 25

*Oppenheimer & Co. v. Oppenheim, Appel, Dixon & Co.*, 86 N.Y.2d 685 (1995) .......... 15

*Parents for Privacy v. Barr*, 949 F.3d 1210 (9th Cir. 2020) .......... 10

*Perfect 10, Inc. v. Giganews, Inc.*, 847 F.3d 657 (9th Cir. 2017) .......... 12, 13

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

*Performance Designed Prods. LLC v. Plantronics, Inc.*, No. 3:19-CV-00536-GPC-LL, 2019 U.S. Dist. LEXIS 117556 (S.D. Cal. July 15, 2019) ........ 21, 22

*Playboy Enters., Inc. v. Welles*, 279 F.3d 796 (9th Cir. 2002) ........ 25, 26

*Reis, Inc. v. Spring11 LLC*, No. 15 Civ. 2836, 2016 U.S. Dist. LEXIS 131486 (S.D.N.Y. Sept. 26, 2016) ........ 15, 17

*Ricketts v. Berlanti Prods.*, No. 20-55912, 2022 U.S. App. LEXIS 9396 (9th Cir. Apr. 7, 2022) ........ 18

*Russian Ent. Wholesale, Inc. v. Close-Up Int'l, Inc.*, 767 F. Supp. 2d 392 (E.D.N.Y. 2011), *aff'd*, 482 F. App'x 602 (2d Cir. 2012) ........ 15

*Skidmore as Tr. for Randy Craig Wolfe Tr. v. Led Zeppelin*, 952 F.3d 1051 (9th Cir. 2020) (*en banc*) ........ 11

*Slep-Tone Ent. Corp. v. Wired for Sound Karaoke and DJ Servs., LLC*, 845 F.3d 1246 (9th Cir. 2017) ........ 19

*Sprewell v. Golden State Warriors*, 266 F.3d 979 (9th Cir. 2001) ........ 10

*Stevenson Real Est. Servs., Inc. v. CB Richard Ellis Real Est. Servs., Inc.* (2006) 138 Cal. App. 4th 1215, 42 Cal. Rptr. 3d 235 ........ 27

*Sun Microsystems, Inc. v. Microsoft Corp.*, 188 F.3d 1115 (9th Cir. 1999) ........ 14

*Theta Chi Fraternity, Inc. v. Leland Stanford Junior Univ.*, 212 F. Supp. 3d 816 (N.D. Cal. 2016) ........ 19

*Thumbtack, Inc. v. Liaison, Inc.*, No. 23-cv-02830, 2024 U.S. Dist. LEXIS 11022 (N.D. Cal. Jan. 22, 2024) ........ 12

*Ticketmaster LLC v. Prestige Ent., Inc.*, 306 F. Supp. 3d 1164 (C.D. Cal. 2018) ........ 17

*Toho Co. Ltd. v. Sears, Roebuck & Co.*, 645 F.2d 788 (9th Cir. 1981) .......... 20

*Toyota Motor Sales, U.S.A., Inc. v. Tabari*, 610 F.3d 1171 (9th Cir. 2010) .......... 25

*VHT, Inc. v. Zillow Grp., Inc.*, 918 F.3d 723 (9th Cir. 2019) .......... 12, 13

*Yaros v. Kimberly Clark Corp*, No. 17-cv-1159, 2018 U.S. Dist. LEXIS 61757 (Apr. 11, 2018) .......... 21, 22

**Statutes**

15 U.S.C. § 1114 .......... 19

15 U.S.C. § 1125 .......... 19, 25

17 U.S.C. § 106 .......... 11

17 U.S.C. § 408 .......... 18

17 U.S.C. § 411 .......... 18

**Rules**

Fed. R. Civ. P. 8 .......... 10, 12

Fed. R. Civ. P. 12 .......... 10, 20, 21, 25, 27

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

8

DEFENDANTS NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT, MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

Within its videogames, Plaintiff may have the freedom to decide the rules that its players should abide by, and the consequences if they do not. Indeed, Plaintiff's Terms of Service (TOS) goes on at length about the types of behavior that Plaintiff approves of—and disapproves of—for the players of its videogames. Under its TOS, Plaintiff also reserves the right to take "Adverse Action" against any players, which could be in various forms of Plaintiff's choosing.

This is not one of Plaintiff's video games. In the real world, Plaintiff does not get to dictate the rules based around behavior it approves or disapproves of. To show direct or indirect copyright infringement, Plaintiff must show more than just potential violations of its TOS, and must do more than throw around undefined and vague terms like "hacking," "exploits," "mods," "cheats," and "glitches." To show trademark infringement, Plaintiff must show more than just the Defendants' nominative use of Plaintiff's mark. To show intentional interference with its TOS, Plaintiff must do more than attempt to cast Defendant's legitimate business activities as nefarious.

Defendants recognize and respect the law, including the legitimate intellectual property rights of third parties. But Plaintiff and Defendants are not in privity and—despite what Plaintiff may think—Defendants do not owe Plaintiff any contractual obligation to uphold its TOS. Plaintiff also is not entitled to use the great weight of copyright and trademark law to attempt to enforce against Defendants those grievances it may have against players that Plaintiff believes may be violating the "rules" of its games.

Because Plaintiff has not sufficiently plead the elements of its claims, each of its claims should be dismissed. Moreover, because Plaintiff's legal theories are misplaced and because it cannot allege facts that would support its claims, each of Plaintiff's claims should be dismissed with prejudice and without leave to amend.

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

## II. LEGAL STANDARD

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court may dismiss a complaint for two reasons: (1) lack of a cognizable legal theory; or (2) the absence of sufficient facts alleged under a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988) (internal citations omitted). Although a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), to survive a motion to dismiss, this short and plain statement "must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The determination of whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001). A claim is plausible on its face when the plaintiff includes "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. This standard requires more than labels and conclusions or alleging a possibility that a defendant has acted unlawfully—there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Although a plaintiff is entitled to a presumption that its factual allegations are true, a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008); *see also Twombly*, 550 U.S. at 555 (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation").

Where a district court grants a motion to dismiss, it should generally provide leave to amend unless it is clear the complaint could not be saved by any amendment. *See Parents for Privacy v. Barr*, 949 F.3d 1210, 1221 (9th Cir. 2020).

Leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Great Minds v. Office Depot, Inc.*, 945 F.3d 1106, 1112 (9th Cir. 2019) . Thus, leave to amend "is properly denied . . . if amendment would be futile." *Carrico v. City and Cnty. of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011).

As set forth in detail below, each of Plaintiff's claims falls short of satisfying these standards. Accordingly, these claims should be dismissed with prejudice.

## III. ARGUMENT

### A. Plaintiff Has Not Pled—and Cannot Plead—Facts Sufficient to Support Direct Infringement

To establish a claim for copyright infringement, the plaintiff must allege and ultimately prove: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991). The second element of a copyright infringement claim "contains two separate components: 'copying' and 'unlawful appropriation.'" *Skidmore as Tr. for Randy Craig Wolfe Tr. v. Led Zeppelin*, 952 F.3d 1051, 1064 (9th Cir. 2020) (*en banc*). Under the first component, "a plaintiff must prove that a defendant copied the work." *Id.* In the absence of direct evidence of copying by the defendant, "the plaintiff 'can attempt to prove it circumstantially by showing that the defendant had access to the plaintiff's work and that the two works share similarities probative of copying.'" *Id.* Under the second component, the exclusive rights conferred by a copyright that may give rise to misappropriation include the rights to: "reproduce the copyrighted work in copies or phonorecords," "prepare derivative works based upon the copyrighted work," and "distribute copies or phonorecords of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending." 17 U.S.C. § 106(1)-(3).

The Complaint is entirely void of any allegations that Defendants themselves engage in any type of copying or misappropriation, with the sole exception being

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

that "the PlayerAuctions Website hosts infringing images of gameplay generated from 'modded' versions of GTA V." (Cmplt., ¶ 42.) Plaintiff's claim of direct copyright infringement based on hosting of "infringing images" fails for two reasons: it lacks the specificity required by Rule 8, and it fails as a legal matter to allege the requisite "volitional conduct" by Defendants.

First, the Complaint's reference to "infringing images" is so vague that it lacks the requisite specificity under Rule 8 to place Defendants on notice of what is being accused of infringement. Take-Two's Complaint does not include a single copy of any of the allegedly "infringing images" that it accuses of being hosted on the PlayerAuctions website. Moreover, Take-Two's description of the allegedly "infringing images" allegation does not otherwise allow Defendants to determine what is being accused because of its vague reference to "modded" versions of GTA V. (*Id.*) Take-Two's complaint does not explain what is meant by "'modded' versions of GTA V" in this context, let alone provide Take-Two with notice as to how such allegedly infringing images might be distinguished from other, non-infringing images on the PlayerAuctions website. For this reason alone, the direct copyright infringement claim should be dismissed. *See Thumbtack, Inc. v. Liaison, Inc.*, No. 23-cv-02830, 2024 U.S. Dist. LEXIS 11022, at *6 (N.D. Cal. Jan. 22, 2024) (granting motion to dismiss copyright claims and finding "Thumbtack cannot base its copyright act claim on 'text displayed throughout' the Website. . . [i]t must identify actionable copying with specificity under Rule 8.").

Second, Plaintiff's direct infringement claim must be dismissed as a matter of law because Plaintiff has failed to allege any requisite "volitional conduct" by Defendants. *VHT, Inc. v. Zillow Grp., Inc.*, 918 F.3d 723, 733-34 (9th Cir. 2019); *see also Perfect 10, Inc. v. Giganews, Inc.*, 847 F.3d 657, 666-70 (9th Cir. 2017) (describing the "volitional-conduct requirement" and upholding motion to dismiss claims for failing to allege such conduct). To establish volitional conduct, Plaintiff is required to allege facts that Defendants "exercised control (other than by general

DYKEMA GOSSETT LLP
444 South Flower Street
Suite 2200
Los Angeles, California 90071

operation of [its website]); selected any material for upload, download, transmission, or storage; or instigated any copying, storage, or distribution" of the allegedly "infringing images." 918 F.3d at 732 (internal quotation marks omitted). The Ninth Circuit's findings in *VHT* are instructive in this regard. In *VHT*, Zillow was accused of hosting a "listing platform" that allowed real estate agents to upload images and information about properties. *Id.* at 730. The court held that Zillow did not infringe copyrights through its listing platform when third parties selected the photos that were displayed because Zillow exercised no control over content "beyond the 'general operation of its website.'" *Id.* at 733-34 (quoting *Perfect 10,* 847 F.3d at 670 (brackets omitted)). The Ninth Circuit found that this "passive participation in the alleged infringement . . . is not sufficient to cross the volitional-conduct line." *Id.* at 738. Instead, Zillow was only liable to the extent Zillow's own employees "selected and tagged" photographs to display on Zillow's platform. *Id.* at 737.

In this case, Plaintiff does not allege that Defendants have "selected any material for upload, download, transmission, or storage." *Perfect 10*, 847 F.3d at 670. Following the Ninth Circuit's guidance in *VHT* and *Perfect 10* this Court, and other courts in this district, have dismissed claims of direct copyright infringement in the context of listing platforms where, as here, the plaintiff has failed to allege volitional conduct by actively selecting material for upload. *BMG Rts. Mgmt.(US) LLC v. Joyy Inc.*, 716 F. Supp. 3d 835, 842 (C.D. Cal. 2024) (granting motion to dismiss direct copyright infringement claims where there were "no allegations that Defendants, on Defendants' own terms, cull Plaintiff's copyrighted works for subsequent upload, download, transmission, or storage as opposed to automatic inclusion into the platform."); *Gutenberg v. Move, Inc.*, No. 2:21-cv-02382-ODW, 2021 U.S. Dist. LEXIS 158026 at *6-7 (C.D. Cal. Aug. 20, 2021) (granting motion to dismiss for failure to show "volitional conduct" where plaintiff did not show defendant's employees "selected" or "tagged" any photographs).

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

### B. Plaintiff's Claims for Indirect Copyright Infringement Fail As A Matter Of Law

Plaintiff's remaining copyright claims for contributory, vicarious, and induced infringement (collectively, the "Indirect Copyright Infringement Claims") must be dismissed as a matter of law because they are all premised on alleged breaches of covenants, not conditions, in Plaintiff's Terms of Service ("TOS").

"A copyright owner who grants a nonexclusive license . . . waives his right to sue the licensee for copyright infringement and can sue only for breach of contract." *Sun Microsystems, Inc. v. Microsoft Corp.*, 188 F.3d 1115, 1121 (9th Cir. 1999) (quotations omitted). "However, if the licensee acts outside the scope of the license, the licensor may sue for copyright infringement." *MDY Indus., LLC v. Blizzard Ent., Inc.*, 629 F. 3d 928, 939 (9th Cir. 2010) (citing *Sun*, 188 F.3d at 1121). To determine whether a copyright infringement claim exists in this context, the Ninth Circuit distinguishes between "conditions" and "covenants" in a contract. *Id.* at 1120-21 Contractual terms that limit a license's scope are "conditions," the breach of which constitute copyright infringement. *MDY*, 629 F. 3d at 939. All other license terms are "covenants," the breach of which is actionable only under contract law. *Id.* To establish copyright infringement, a plaintiff must demonstrate that the violated term is a condition rather than a covenant. *Id.* (citing *Sun*, 188 F.3d at 1122).

Conditions and covenants are distinguished according to state contract law, to the extent consistent with federal copyright law and policy. *Foad Consulting Group v. Musil Govan Azzalino*, 270 F.3d 821, 827 (9th Cir. 2001). In this case, the TOS attached to the Complaint state that they are to be construed according to laws of the State of New York. (Cmplt., Ex. A, ECF No. 1-1 (hereinafter "TOS") at § 17.1, Page ID 48.)

"New York respects a presumption that terms of a contract are covenants rather than conditions." *Graham v. James*, 144 F.3d 229, 237 (2d Cir. 1998). "While specific, talismanic words are not required, the law nevertheless demands that

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

conditions precedent be 'expressed in unmistakable language.'" *Bank of N.Y. Mellon Tr. Co. v. Morgan Stanley Mortg. Cap., Inc.*, 821 F.3d 297, 305 (2d Cir. 2016) (quoting *Oppenheimer & Co. v. Oppenheim, Appel, Dixon & Co.*, 86 N.Y.2d 685, 691 (1995)). "[C]ontract obligations that are to be performed after partial performance by the other party are not treated as conditions." *Graham*, 144 F.3d at 237. In applying New York contract law principles, courts have concluded that contract terms that "merely delineate 'acceptable' and 'unacceptable' behavior under the licensing agreement" are covenants. *Reis, Inc. v. Spring11 LLC*, No. 15 Civ. 2836, 2016 U.S. Dist. LEXIS 131486, at *17 (S.D.N.Y. Sept. 26, 2016); *see also Russian Ent. Wholesale, Inc. v. Close-Up Int'l, Inc.*, 767 F. Supp. 2d 392, 409 (E.D.N.Y. 2011), *aff'd*, 482 F. App'x 602 (2d Cir. 2012) (agreement terms were covenants where they "explicitly stated that reproduction of non-complying disks is a 'violation' of the agreement, rather than the failure to fulfill a condition precedent"). Applying these principles here, it is clear that Plaintiff has not made a claim for copyright infringement.

In its complaint, Plaintiff's indirect infringement claims are all premised on violations of its TOS. (Cmplt. ¶¶ 33, 37, 55, 63, 71.) Throughout the Complaint, Plaintiff makes various references to perceived violations of its TOS by users (not Defendants) in an effort to support its indirect copyright claims.[1] *Id.* Although the Complaint fails to cite any specific sections of Plaintiff's TOS, the language quoted in the Complaint appears to implicate the following terms:[2]

- You are responsible for keeping your Account username and password

---

[1] The Complaint repeatedly uses the vague, ambiguous, and undefined terms "hacks," "glitches," "exploits," "mods," and "cheats," without clearly explaining what these terms mean or how they differ from one another. (*See* Cmplt. ¶¶ 2, 3, 30, 31, 32, 33, 40, 42, 71, 72.) As best these terms can be understood, they are simply references to ways of using or playing GTA in a way that Plaintiff believes violates its TOS.

[2] The Court may consider documents attached to the FAC when ruling on a motion to dismiss. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).

secret. You also agree not to sell, transfer, or share your Account, or your Account's username or password, and you agree to notify us immediately if you suspect any unauthorized use of your Account. (TOS § 1.2, Page ID 29; *see also* Cmplt., ¶ 24.)

- Virtual Items have no monetary value, cannot be used outside of the Services, and may not be sold, transferred or redeemed for real money or items of value outside of the Services unless subject to separate, express written terms provided by Rockstar permitting such conduct. (TOS § 4.2, Page ID 31; *see also* Cmplt., ¶ 24.)
- You will not commercially exploit the Services unless subject to separate, express written terms provided by Rockstar permitting such conduct. This includes participating in, enabling, or encouraging the collection, sale, or exchange of anything from or via the Services (including, but not limited to, any Virtual Items or Accounts) that is not explicitly authorized by Rockstar. (TOS § 6.1(3), Page ID 33-34; *see also* Cmplt., ¶ 24.)
- You will not use exploits or illegal or unauthorized means to interfere with or adversely impact any other user's ability to use the Services as intended; to gain unfair gameplay advantage; or to gain access to Virtual Items or other Content to which you do not have valid entitlement. This includes the use of cheats or so-called "mod menus", unauthorized mods, hacks, glitches, or any other technical exploits, and phishing, scamming, or social engineering. (TOS § 6.3(1), Page ID 34; *see also* Cmplt., ¶ 26.)
- You will not use, promote, or make available any bug, glitch, exploit, cheat, "mod menu," hack, script, bot, unauthorized mod, or other methods that interact with the Services resulting in a breach this Agreement. (TOS § 6.4(3), Page ID 36; *see* Cmplt., ¶ 26.)

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

There is nothing in these terms or the TOS at large that would rebut the presumption that these terms are covenants, and not conditions. *Graham*, 144 F.3d at 237. The terms do not include any expression "in unmistakable language" that they are conditions precedent. *Bank of New York Mellon*, 821 F.3d at 305. Instead, a plain reading of the terms themselves show that they are the very type of delineation between "acceptable" and "unacceptable" behavior that courts have found to be covenants, not conditions, and that cannot support a claim for copyright infringement. *Reis*, 2016 U.S. Dist. LEXIS 131486, at *16-17, 20; *see also Nadav v. Beardwood & Co. LLC*, 17 Civ. 6465 (AKH), 2018 U.S. Dist. LEXIS 10451, at *4-9 (S.D.N.Y. Jan. 17, 2018).

The fact that the relevant terms are covenants, not conditions precedent to a license, is further supported by the language in the TOS concerning breach and termination. The TOS states that a breach "*may*" result in termination of a user's right, and notes what may happen if Plaintiff "*decide[s]* to terminate or suspend your right to access." (TOS § 12.3, Page ID 45 (emphasis added).) The use of discretionary language in this context further shows that the TOS as a whole imposes covenants, not conditions. *See Ticketmaster LLC v. Prestige Ent., Inc.*, 306 F. Supp. 3d 1164, 1173 (C.D. Cal. 2018) (considering language that "[Ticketmaster] may investigate any violation of these Terms [and] [i]f that happens, [the user] may no longer use the Site or any Content," and finding the use of "may" demonstrates that the TOS only imposes covenants, not conditions).

Because the terms of the TOS are covenants, not conditions, the alleged violations of these terms cannot establish copyright infringement. As the Ninth Circuit explained,

> Were we to hold otherwise, [plaintiff] — or any software copyright holder — could designate any disfavored conduct during software use as copyright infringement, by purporting to condition the license on the player's abstention from the disfavored conduct. The

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

> rationale would be that because the conduct occurs while the player's computer is copying the software code into RAM in order for it to run, the violation is copyright infringement. **This would allow software copyright owners far greater rights than Congress has generally conferred on copyright owners.**

*MDY*, 629 F.3d at 941 (emphasis added). Plaintiff's attempt to turn perceived violations of its TOS into copyright infringement claims fails as a matter of law, and therefore these claims should be dismissed.

### C. Plaintiff's Claims Based on *Grand Theft Auto Online* Must Be Dismissed For Failure To Show Registration

In addition to the deficiencies noted above, Plaintiff's claims for direct and copyright infringement should be dismissed for a more fundamental reason: failure to seek and obtain copyright registration for one of the two games at issue.

A threshold requirement of bringing a copyright suit is—subject to certain limited exceptions not relevant here—that a plaintiff has registered the works at issue with the U.S. Copyright Office. *See* 17 U.S.C. § 411(a); *Fourth Est. Pub. Benefit Corp. v. WallStreet.com, LLC*, 586 U.S. 296, 139 S. Ct. 881, 886, 203 L.Ed.2d 147 (2019) (citing 17 U.S.C. §§ 408, 411(c)) (providing that copyright registration "occurs, and a copyright claimant may commence an infringement suit, when the Copyright Office registers a copyright"); *see also Ricketts v. Berlanti Prods.*, No. 20-55912, 2022 U.S. App. LEXIS 9396, at *2 (9th Cir. Apr. 7, 2022) (citing *Fourth Est. Pub. Benefit Corp.*, 139 S. Ct. at 886).

In this case, there are two games at issue: *Grand Theft Auto V* ("GTA V"), and *Grand Theft Auto Online* ("GTA Online"). (Cmplt., ¶¶ 18, 19.) Plaintiff alleges it is the owner of registered copyrights in GTA V, and cites to four copyright registrations titled "Grand Theft Auto V." (Cmplt., ¶ 27; Cmplt., Ex. B, ECF No. 1-1, Page ID 59.) However, Plaintiff is completely silent about any registrations in GTA Online.

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

Plaintiff attempts to paper over this glaring issue by referring to GTA Online as a "component" or "mode" of GTA V. (Cmptl., ¶¶ 1, 18.) But Plaintiff acknowledges in its pleading that the two are, in fact, separate games. Plaintiff describes the two games as offering distinct experiences. (*Id.*, ¶¶ 18, 19). Plaintiff further alleges that it releases "new content for GTA Online through regular game updates," but not for GTA V. (*Id.*, ¶ 20.) Plaintiff also alleges differences through which Plaintiff's TOS are presented to players between GTA V and GTA Online. (*Id.*, ¶ 22.) Plaintiff also identifies separate trademark registrations for "Grand Theft Auto Online." (*Id.*, ¶ 28; Ex. C, ECF No. 1-1, Page ID 61.) Plaintiff's allegations in the Complaint confirm that GTA V and GTA Online are two separate videogames.

Because Plaintiff has failed to show registration of GTA Online, its claims of direct and indirect copyright infringement (Claims 1-4) based on GTA Online must be dismissed.

**D. Plaintiff's Trademark Claims Should Be Dismissed**

Take-Two asserts two trademark-related claims: federal trademark infringement under 15 U.S.C. § 1114, and federal false designation of origin under 15 U.S.C. § 1125(a). A claim for false designation of origin under 15 U.S.C. § 1125 requires proof of the same elements as a claim for trademark infringement under § 1114. *Slep-Tone Ent. Corp. v. Wired for Sound Karaoke and DJ Servs., LLC*, 845 F.3d 1246, 1248-49 (9th Cir. 2017). As a result, a district court may consider both claims together at the motion to dismiss stage. *Theta Chi Fraternity, Inc. v. Leland Stanford Junior Univ.*, 212 F. Supp. 3d 816, 823-25 (N.D. Cal. 2016) (considering trademark infringement and false designation claims together and dismissing both claims); *GS Holistic, LLC v. Shinware*, No. 2:23-cv-0355-CSK, 2024 U.S. Dist. LEXIS 148820, at *14-17 (E.D. Cal. Aug. 19, 2024) (same).

Take-Two's trademark claims should be dismissed for two reasons. First, Take-Two has failed to allege facts showing that Defendants' use of the marks *is likely to cause consumer confusion*—specifically, Take-Two has not pled the

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

"specific context" in which the alleged use of its marks occurred. Second, the allegations in the Complaint show only that Defendants have engaged in permissible "nominative use" of Plaintiff's marks because Defendants have used the marks only to the extent necessary to identify the products and services at issue.

**1. *Take-Two has Failed to Plead Facts Sufficient to Show a Likelihood of Consumer Confusion***

To survive a motion to dismiss on claims a trademark infringement and false designation, a Plaintiff must show that Defendants' use of Plaintiff's marks creates a likelihood of consumer confusion. *Murray v. Cable Nat'l Broad. Co.*, 86 F.3d 858, 860 (9th Cir. 1996). Stated another way, a trademark claim should be dismissed where, as is the case here, the claimant provides insufficient facts to plausibly allege that the public is likely to be confused by an accused party's alleged use of the mark. *Motul S.A. v. USA Wholesale Lubricant, Inc.*, 686 F. Supp. 3d 900, 914-15 (N.D. Cal. 2023); *see also Toho Co. Ltd. v. Sears, Roebuck & Co.*, 645 F.2d 788, 790-91 (9th Cir. 1981) (upholding dismissal of federal trademark claims based on Rule 12(b)(6) on the basis that plaintiff had not "alleged facts that would permit a conclusion that consumers are likely to be confused"); *Murray*, 86 F.3d at 861 (upholding dismissal of federal and California trademark claims based on Rule 12(b)(6) where confusion was unlikely as a matter of law).

The test for likelihood of confusion is "whether a 'reasonably prudent consumer' in the marketplace is likely to be confused as to the origin of the good or service bearing one of the marks." *Entrepreneur Medica, Inc. v. Smith*, 279 F.3d 1135, 1140 (9th Cir. 2002). Courts in the Ninth Circuit apply the eight factors set out in *AMF, Inc. v. Sleekcraft Boats*, 599 F.2d 341 (9th Cir. 1979) to determine whether a defendant's mark is likely to confuse consumers. Under *Sleekcraft*, the court analyzes: "(1) strength of the mark; (2) proximity of the goods; (3) similarity of the marks; (4) evidence of actual confusion; (5) marketing channels used; (6) degree of care likely to be exercised by the consumer; (7) defendant's intent in

selecting the mark; and (8) likelihood of expansion of the product lines." *Sleekcraft*, 599 F.2d at 348-49. The factors are "pliant," with some factors being more important than others and the relative importance of each factor being case-specific. *Interstellar Starship Servs. v. Epix, Inc.*, 304 F.3d 936, 942 (9th Cir. 2002).

The entirety of Take-Two's support for likelihood of confusion is contained in paragraph 44 of its complaint,[3] and consists of two images—one that appears to be an online advertisement, the other a portion of the PlayerAuctions website—purporting to show use of the "GTA" mark, along with the conclusory statement that such use results in "trading off consumer recognition of the GTA Trademarks and falsely connoting PlayerAuctions' association with or endorsement by Take-Two." (Cmplt., ¶ 44.)

Plaintiff's boilerplate recitations here are similar to those that have been so insufficient as to warrant Rule 12 dismissal. In *Yaros v. Kimberly Clark Corp.*, the plaintiff alleged that the defendant used its mark "Better Together" to sell its own products disposable wipes, and further averred that the defendant's use of the mark was "likely to cause confusion, mistake, and deception of the public." No. 17-cv-1159, 2018 U.S. Dist. LEXIS 61757, at *6-7 (Apr. 11, 2018). The district court dismissed plaintiff's trademark claim because it agreed with the defendant that the complaint offered only a "formulaic recitation" of the likelihood of confusion element. *Id.* at *7-8. In *Performance Designed Products LLC v. Plantronics, Inc.*, the district court similarly dismissed trademark claims where the plaintiff provided a "pictorial juxtaposition" to show defendant's "virtually identical" mark, along with

[3] Paragraphs 78 and 85 also refer to confusion, but these paragraphs contain nothing more than boilerplate recitations of claim elements, and are not entitled to any weight and cannot defeat a motion to dismiss. *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004) ( "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss."); *Motul S.A. v. USA Wholesale Lubricant, Inc.*, 686 F. Supp. 3d 900, 915 (N.D. Cal. 2023) (merely reciting elements of trademark infringement was insufficient to avoid dismissal of inadequately pled claim); *Performance Designed Prods. LLC v. Plantronics, Inc.*, No. 3:19-CV-00536-GPC-LL, 2019 U.S. Dist. LEXIS 117556, at *5 (S.D. Cal. July 15, 2019) (same).

DYKEMA GOSSETT LLP
444 South Flower Street
Suite 2200
Los Angeles, California 90071

allegations concerning use of the mark on the same goods as plaintiff. No. 3:19-cv-00536, 2019 U.S. Dist. LEXIS 117556, at *3, *16 (S.D. Cal. Jul. 12, 2019). Beyond those specific allegations, the plaintiff merely recited the generic elements that such use would likely cause confusion as to the association with the plaintiff, or sponsorship or approval by the plaintiff, which was insufficient to plausibly allege a likelihood of confusion. *Id.* at *10-11.

Like *Yaros* and *Performance Designed Products*, Plaintiff's allegations that Defendants used the mark in connection with its own products and service, coupled with a "formulaic recitation" about association or endorsement, is insufficient. Plaintiff's paucity of allegations is particularly deficient given the context of the alleged infringement, which includes website advertising and usage. In this context, the Ninth Circuit has stated that one of the factors most relevant to the analysis of the likelihood of confusion is "the labeling and appearance of the advertisements and the surrounding context on the screen displaying the results page." *Network Automation, Inc. v. Advanced Sys. Concepts*, 638 F.3d 1137, 1154 (9th Cir. 2011). As one court in this district has recognized, in this context "allegations regarding the placement, appearance and context of the advertisements" are a necessity. *Infostream Group Inc. v. Avid Life Media Inc.*, Case No. CV 12-09315 DDP (AJWx), 2013 U.S. Dist. LEXIS 161940, at *12-13 (C.D. Cal. Nov. 12, 2013) (granting motion to dismiss trademark claims despite recognizing that plaintiff's complaint "includes, **as it must**, allegations regarding the placement, appearance, and context of Defendant's advertisements") (emphasis added). Here, Take-Two provides absolutely no allegations about the context of the images in its complaint—to the contrary, Take-Two has deliberately cropped the images to obscure any surrounding content.

Moreover, Plaintiff's cropping is *misleading* because it omits the very disclaimer on the PlayerAuctions website in which it disclaims any affiliation or sponsorship with the trademark owner. This disclaimer (which Plaintiff has cut off

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

from the image in its Complaint) is shown below:[4]



This disclaimer appears *immediately below* the portion cited in Plaintiff's brief and directly contradicts Take-Two's formulaic recitation that the alleged use results in "association with or endorsement by Take-Two." (Cmplt. ¶ 44). Not only does this disclaimer highlight the significance of Plaintiff's failure to provide context for the alleged use, it provides a separate basis for dismissing Plaintiff's trademark claims. Courts have dismissed claims for failure to allege a likelihood of confusion where the defendant specifically disclaimed any affiliation with the plaintiff's goods or services. *See Matrix Essential, Inc. v. Emporium Drug Mart, Inc.*, 756 F.Supp. 280,

---

[4] A more complete screenshot of the "PlayerAuctions' GTA Marketplace" website is properly before the court under the doctrine of "incorporation by reference" because the Complaint necessarily relies on the website and extensively cites to it, and as such the document's authenticity and relevance is uncontested. *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010). Incorporation by reference is also proper given the purpose of this doctrine, which is to prevent "plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken – or doom – their claims." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018).

282 (W.D. La. 1991) *aff'd*, 988 F.2d 587 (5th Cir. 1993) (explaining that "a disclaimer expressly declaring that the seller is 'not affiliated' with the owner of the trademark has been held to be an effective means of preventing confusion in the minds of consumers as to affiliation with the owner of the trademark in question"); *see also Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 610–11 (6th Cir. 2009) (granting motion to dismiss where the defendant's advertising made it clear he was no longer associated with plaintiff's business); *Architectural Mailboxes, LLC v. Epoch Design, LLC*, No. 10cv974 DMS (CAB), 2011 U.S. Dist. LEXIS 46180, at *8 (S.D. Cal. 2011) (finding that plaintiff failed to allege facts sufficient to demonstrate likelihood of confusion where defendant clearly identified plaintiff as the manufacturer); *Klein-Becker USA, LLC v. Prod. Quest Mfg., Inc.*, 429 F.Supp.2d 1248, 1258 (D. Utah 2005) (finding no likelihood of confusion where defendant's advertising displays contained disclaimers that its products were not manufactured or distributed by plaintiff).

Because Plaintiff has failed to sufficiently allege a likelihood of confusion, including by failing to provide the context of the alleged use—and thereby omitting the clear disclaimer on the PlayerAuctions website—Plaintiff's trademark infringement claims must be dismissed.

### 2. *Plaintiff's Allegations Establish Defendants' Legally Permissible "Nominative Use" of Its Mark*

Although Plaintiff has failed to show a likelihood of consumer confusion, its allegations do make a clear showing of something very different: nominative use. As the Ninth Circuit has explained, "nominative use of a mark—where the only word reasonably available to describe a particular thing is pressed into service—lies outside the strictures of trademark law: Because it does not implicate the source-identification function that is the purpose of trademark, it does not constitute unfair competition." *Applied Underwriters, Inc. v. Lichtenegger*, 913 F. 3d 884, 893 (9th Cir. 2019) (quoting *New Kids on the Block v. News Am. Publ'g, Inc.*, 971 F.2d 302,

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

308 (9th Cir. 1992)) (upholding Rule 12 motion to dismiss trademark claims on nominative fair use grounds); *Playboy Enters., Inc. v. Welles*, 279 F.3d 796, 805-06 (9th Cir. 2002) (holding that nominative fair use of a trademark does not dilute that trademark and concluding that nominative fair use is excepted from anti-dilution law), *superseded by statute on alternative grounds*, Trademark Dilution Revision Act of 2006, 15 U.S.C. § 1125(c), *as recognized in Levi Strauss & Co. v. Abercrombie & Fitch Trading Co.*, 633 F.3d 1158, 1173 (9th Cir. 2011). A commercial user is entitled to a nominative fair use defense provided they meet the following three requirements: (1) the product or service in question must be one not readily identifiable without use of the trademark; (2) only so much of the mark or marks may be used as is reasonably necessary to identify the product or service; and (3) the user must do nothing that would, in conjunction with the mark, suggest sponsorship or endorsement by the trademark holder. *Id.* (citing *New Kids on the Block*, 971 F.2d at 308. All three elements are clearly met here.

On the first element, the PlayerAuctions website allows listings for numerous different games, and there is simply no way that Defendants could readily identify its listings for GTA V without using the marks GTA or GRAND THEFT AUTO. *See New Kids on the Block*, 971 F.2d at 306 (stating it is "far simpler (and more likely to be understood) to refer to the Chicago Bulls" than to use generic phrases such as "the professional basketball team from Chicago"); *see also Toyota Motor Sales, U.S.A., Inc. v. Tabari*, 610 F.3d 1171, 1180-81 (9th Cir. 2010) (finding broker's use of "Lexus" in the domain names "buy-a-lexus.com" and "buyorleaselexus.com" fair use because it would be "nearly impossible" to communicate that the broker specialized in Lexus vehicles without mentioning Lexus). It would likewise be "nearly impossible to communicate clearly" that certain listings on the PlayerAuctions website are about GTA V without using Plaintiff's trademarks. *Applied Underwriters Inc. v. Lichtenegger*, No. 2:15-cv-02445, 2017 U.S. Dist. LEXIS 104535, at *15-16 (E.D. Cal. July 5, 2017), *aff'd*,

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

913 F. 3d 884 (9th Cir. 2019).

On the second element, the Complaint confirms that Defendants have used only the minimum of the mark necessary. Defendants have simply used the abbreviations "GTA" or "GTA V" to identify the portion of its online marketplace directed to the GTA V or Grand Theft Auto Online games, to identify the three types of listings for those games, and to advertise those listings. Notably, the use alleged by Plaintiff does not involve any of the trademarked *logos or designs* attached to Complaint, (*compare* Cmplt., ¶¶ 44, 77-88, pp. 13-14, 19-21, *with* Ex. C), and is limited to simple letters and words. *See Playboy Enters.*, 279 F.3d at 802 (finding second element satisfied where defendants used "only the trademarked words, not the font or symbols associated with the trademarks"); *Applied Underwriters*, 913 F.3d at 895 (finding second element satisfied where defendants did not use "the distinctive lettering or design" and used "only the words themselves" that were necessary to identify the plaintiff's product).

On the third element, Defendants have not done anything to suggest sponsorship or endorsement—in fact, it has done the exact opposite. The PlayerAuctions website provides the disclaimer "PlayerAuctions is **NOT** endorsed by, directly affiliated with, maintained, authorized, or sponsored by GTA 5 Online or its trademark owner." (emphasis in original). Any suggestion by Take-Two about "association" or "endorsement" is directly undercut by the fact that this clear disclaimer (complete with a bolded "**NOT**") appears immediately below the very portion that Plaintiff relies upon to support its trademark infringement claim.

The use alleged by Plaintiff clearly satisfies each of the three elements of nominative use. As a result, this is a case where "Plaintiff failed to state claims for which relief could be granted because, on the face of the complaint, it [is] clear that Defendants' alleged infringement constituted nominative fair use." *Applied Underwriters*, 913 F.3d at 897.

//

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

**E. Plaintiff's Claim for Intentional Interference with Contractual Relations Must Be Dismissed Because There Is No "Wrongful Act"**

Plaintiff's claim for intentional interference with contractual relations (the "Intentional Interference Claim") must be dismissed because Plaintiff has not alleged an *independently wrongful* act separate from the breach of Plaintiff's TOS.[5]

To state a claim for interference with an at-will contract by a third party, a plaintiff must allege that the defendant engaged in an independently wrongful act. *Ixchel Pharma, LLC v. Biogen, Inc.*, 470 P.3d 571, 577, 9 Cal. 5th 1130, 1148 (2020). An "independently wrongful act" means conduct that violates "some constitutional, statutory, regulatory, common law, or other determinable legal standard." *Ixchel Pharma*, 470 P.3d at 576 (quoting *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1159 (2003).) Importantly, such "independently wrongful act," must be unlawful for reasons *other than* that it interfered with the prospective business advantage of an at will contract. *Stevenson Real Est. Servs., Inc. v. CB Richard Ellis Real Est. Servs., Inc.*, (2006) 138 Cal. App. 4th 1215, 1224, 42 Cal. Rptr. 3d 235, 243. The reason a claim for interference with an at-will contract requires an additional showing of wrongfulness beyond mere interference is because of its resemblance to a claim for interference with prospective relations—in particular, the lack of any "legal basis in either case to expect the continuity of the relationship or to make decisions in reliance on the relationship." *Ixchel Pharma*, 470 P.3d at 580.

Plaintiff's TOS—the agreement underlying Plaintiff's intentional interference claim—is clearly an "at will" contract. The TOS states that the user "may terminate this Agreement at any time," and that Plaintiff "[has] the right to terminate this Agreement . . . at any time for any reason in [its] sole discretion." (TOS at §§ 12.1

[5] For purposes of this Rule 12 Motion to Dismiss only, Defendants must accept Plaintiff's allegations that the TOS represent a "valid and enforceable" contract. But Defendants do not concede that Plaintiff's TOS—and particularly the provisions at issue here—are legally valid or enforceable, and Defendants reserve all rights related to the same.

and 12.2, Page ID 44-45; *see also* Defendants' Ex. 1 (showing language from TOS § 12.2 obscured in Plaintiff's Ex. A).) As a result, Plaintiff's Complaint was required to plead a separate "wrongful act." Plaintiff did not, and therefore its claim must be dismissed.

In fact, when stripped of Plaintiff's inflammatory and accusatory language, it is clear that the acts alleged in the complaint do not establish any type of wrongful act. Hosting an online marketplace for buyers and sellers (Cmplt., at ¶ 2), marketing to customers (¶¶ 3, 35, 41), charging fees (¶ 34), issuing refunds (¶ 4), offering incentives to frequent customers (¶ 36), providing information to buyers and sellers, (¶¶ 35, 37), verifying identities and preventing fraud (¶ 38), requiring that buyers and sellers abide by reasonable terms of use (¶ 39), and even profiting from such activities, (*id.*, ¶¶ 2, 34)—these are not wrongful acts. These are all legitimate business activities, and are of the very type that the Supreme Court of California intended would not impeded or chilled by generic claims of "intentional interference" with at-will contracts. *Ixchel Pharma*, 470 P.3d at 580 ("allowing interference with at-will contract claims without requiring independent wrongfulness risks chilling legitimate business competition.") The fact that Plaintiff does not approve of Defendants' business, or the fact that some of Plaintiff's users are availing themselves of Defendants' services, does not render these activities wrongful regardless of whether they may have resulted in a breach of Plaintiff's TOS.

## IV. CONCLUSION

For the reasons set forth above, Defendants respectfully request that the Court grant the instant motion, and dismiss with prejudice the claims for relief in Plaintiff's Complaint.

//

//

//

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

Dated: May 1, 2025

DYKEMA GOSSETT LLP

By: <u>*/s/ Brian H. Newman*</u>
Brian H. Newman
Attorney for Defendants
PlayerAuctions, Inc. and IMI Exchange LLC

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

29

DEFENDANTS NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT, MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for **DEFENDANTS PLAYERAUCTIONS, INC. and IMI EXCHANGE LLC**, certifies that this brief contains 6573 words, which:

X complies with the word limit of L.R. 11-6.1.

Dated: May 1, 2025

*/s/ Brian H. Newman*
Brian H. Newman
Attorney for Defendants
PlayerAuctions, Inc. and IMI Exchange LLC

30

DEFENDANTS NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT, MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF