**O**

# United States District Court
# Central District of California

TAKE-TWO INTERACTIVE SOFTWARE, INC,

    Plaintiff,

    v.

PLAYERAUCTIONS, INC. et al.,

    Defendants.

Case № 2:25-cv-01880-ODW (JDEx)

**ORDER DENYING MOTION TO DISMISS COUNTERCLAIM [37]**

## I.    INTRODUCTION

Take-Two Interactive Software, Inc. brings this infringement action against Defendants PlayerAuctions, Inc., IMI Exchange LLC, and Paiao Network Technology (Shanghai) Co., Ltd.  (First Am. Compl. ("FAC"), Dkt. No. 30.)  PlayerAuctions filed a counterclaim against Take-Two for misrepresentation under the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 512(f).  (Countercl. ¶¶ 43–59, Dkt. No. 33.)  Now, Counter Defendant Take-Two moves to dismiss Counter Claimant PlayerAuctions's counterclaim under Federal Rule of Civil Procedure ("Rule") 12(b)(6).  (Mot. Dismiss ("Motion" or "Mot.") 6–7, Dkt. No. 37.)  For the reasons below, the Court **DENIES** the Motion.[1]

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II.   BACKGROUND[2]

PlayerAuctions operates an online marketplace where users buy and sell virtual goods and services related to various video games.  (Countercl. ¶ 17.)  Take-Two is the publisher and copyright owner of two video games, *Grand Theft Auto V* ("GTA V") and *Grand Theft Auto Online* ("GTA Online"), developed by Take-Two's subsidiary, Rockstar Games.  (*Id.* ¶ 18; FAC ¶ 1.)

On April 26, 2024, Take-Two sent PlayerAuctions a DMCA takedown notice ("Takedown Notice") demanding that PlayerAuctions remove listings from its online marketplace relating to GTA V and GTA Online.   (Countercl. ¶ 19, Ex. A ("Takedown Notice"), Dkt. No. 33.)  In the Takedown Notice, Take-Two claimed it owns the trademark registrations, copyright registrations, and underlying source code for GTA V and GTA Online.  (*Id.* ¶ 20.)  It identified thousands of PlayerAuctions's marketplace listings that Take-Two claimed infringed on that intellectual property. (*Id.* ¶ 21.)

PlayerAuctions alleges Take-Two knowingly misrepresented that all the identified listings infringed on Take-Two's copyright because many of the listings did not involve Take-Two's copyrighted property or any unauthorized modification of Take-Two's copyrighted source code.  (*Id.* ¶¶ 23–34.)  PlayerAuctions also contends that, prior to issuing the Takedown Notice, Take-Two failed to consider whether the identified listings constituted fair use, despite many of the listings qualifying under that doctrine.  (*Id.* ¶¶ 35–38.)  Indeed, the Takedown Notice includes no explicit reference to fair use.  (*See generally* Takedown Notice.)  PlayerAuctions complied with the Takedown Notice and removed the listings Take-Two had identified, resulting in harm to PlayerAuctions's business and reputation.  (Countercl. ¶¶ 40, 42.)

Based on the above allegations, on September 30, 2025, PlayerAuctions asserted its counterclaim against Take-Two for misrepresentation under the DMCA

---

[2] All factual references derive from PlayerAuctions's counterclaim and exhibits, unless otherwise noted, and well-pleaded factual allegations are accepted as true for purposes of this Motion.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

pursuant to 17 U.S.C. § 512(f).  (*Id.* ¶¶ 43–59.)  Take-Two now moves to dismiss the counterclaim under Rule 12(b)(6).  (Mot. 6–7.)

### III.    LEGAL STANDARD

A court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).  To survive a dismissal motion, a complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—a short and plain statement of the claim.  *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003).  The factual "allegations must be enough to raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  That is, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted).

The determination of whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 679.  A court is generally limited to the pleadings and must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff.  *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001).  However, a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences.  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

### IV.    DISCUSSION

Take-Two argues the Court should dismiss PlayerAuctions's § 512(f) counterclaim because PlayerAuctions fails to sufficiently allege that Take-Two made a knowing misrepresentation in the Takedown Notice.  (Mot. 12–17.)

The DMCA imposes liability for knowingly misrepresenting that material or activity is infringing.  17 U.S.C. § 512(f).  To properly plead knowledge, a plaintiff must allege sufficient facts to show that the defendant lacked a "subjective good faith

belief" that the use of material identified in the takedown notice was not authorized. *Lenz v. Universal Music Corp.*, 815 F.3d 1145, 1153 (9th Cir. 2016). To form a subjective good faith belief, a copyright holder must consider whether the allegedly infringing use could be considered fair use. *Id.* at 1148, 1153. "[I]f a copyright holder ignores or neglects our unequivocal holding that it must consider fair use before sending a takedown notification, it is liable for damages under § 512(f)." *Id.* at 1154. Thus, a defendant in a § 512(f) claim cannot maintain that it formed a "subjective good faith belief" that the plaintiff's use infringed "if the defendant did not consider fair use." *ENTTech Media Grp. LLC v. Okularity, Inc.*, No. 2:20-cv-06298-JWH (Ex), 2021 WL 916307, at *4–5 (C.D. Cal. Mar. 10, 2021).

PlayerAuctions alleges that Take-Two lacked a "subjective good faith belief" that the identified listings infringed Take-Two's copyrights because Take-Two failed to consider whether the listings qualified as fair use prior to sending the Takedown Notice. (Countercl. ¶ 35.) The Takedown Notice does not reference fair use or indicate that Take-Two considered the doctrine. (Takedown Notice.) Further, PlayerAuctions alleges that Take-Two has previously considered material similar to that in the listings to be fair use. (*Id.* ¶¶ 36–37.) Thus, PlayerAuctions asserts, had Take-Two considered fair use, it would have recognized that many of the identified listings constituted fair use. (*Id.* ¶ 38.)

These allegations, taken as true at the pleading stage, are sufficient to establish that Take-Two did not consider fair use before sending the Takedown Notice. If Take-Two did not consider fair use, it could not possibly have formed a good faith belief that the listings were unauthorized by the law, because "fair use is 'authorized by the law.'" *Lenz*, 815 F.3d at 1153. Thus, PlayerAuctions plausibly alleges that Take-Two lacked a subjective good faith belief that the listings were infringing before sending the Takedown Notice, which is adequate to state a claim under § 512(f). *See ENTTech*, 2021 WL 916307, at *5–6 (finding plaintiff's allegation that defendants failed to consider fair use, "sufficiently or at all," is enough to plead a claim under

§ 512(f)).  In any event, whether Take-Two formed a subjective good faith belief that PlayerAuctions's listings did not constitute fair use is a question of fact not appropriate for resolution at the pleading stage.  *See Weinberg v. Dirty World LLC*, No. 2:16-cv-9179-GW (PJWx), 2017 WL 5665022, at * 7 (C.D. Cal. Apr. 24, 2017) (collecting cases and finding that whether copyright owner "subjectively formed a good faith belief that allegedly infringing material did not constitute fair use" is a question of fact generally resolved on the basis of evidence).  Therefore, PlayerAuctions plausibly pleads that Take-Two lacked a subjective good faith belief that the listings were unauthorized because Take-Two failed to consider whether they may be authorized as fair use prior to sending the Takedown Notice.

Take-Two argues that PlayerAuctions must, and has not, affirmatively alleged that the identified listings qualify as fair use. (Mot. 15–17.)  However, PlayerAuctions does not need to plead a misrepresentation claim under § 512(f) with such enhanced particularity.  Rather, to state this claim, PlayerAuctions need only plausibly establish that Take-Two "did not consider fair use . . . before issuing the takedown notices." *ENTTech*, 2021 WL 916307, at *6; *Lenz*, 815 F.3d at 1153 (holding that "a copyright holder must consider the existence of fair use before sending a takedown" notice).

Take-Two also argues that the Court's prior ruling on PlayerAuctions's motion to dismiss necessarily confirms Take-Two's subjective good faith. (Mot. 13–14 (citing Order Mot. Dismiss 10–12, Dkt. No. 29).)  Specifically, Take-Two contends the Court's finding, that Take-Two plausibly alleged direct and secondary copyright infringement claims, necessarily means that Take-Two formed a subjective good faith belief that its similar claims raised in the Takedown Notice were legally cognizable. (*Id.* at 13.)  However, among other things, Take-Two fails to consider the legal standard applied on a Rule 12(b)(6) motion.  In finding that Take-Two plausibly alleged copyright infringement, the Court "[c]onstru[ed] Take-Two's allegations as true and in the light most favorable to it." (Order Mot. Dismiss 9, 12.)  Similarly, here, the Court construes PlayerAuctions's well-pleaded allegations as true and in the

light most favorable to PlayerAuctions. *Iqbal*, 556 U.S. at 678 ("sufficient factual matter, accepted as true"); *Lee*, 250 F.3d at 679 ("in the light most favorable" to nonmovant); *Porter*, 319 F.3d at 494 (minimal notice pleading requirements of Rule 8(a)(2)).

In sum, PlayerAuctions plausibly pleads that Take-Two failed to consider fair use prior to sending the Takedown Notice and therefore lacked a subjective good faith belief that the listings were infringing. Accordingly, PlayerAuctions plausibly states a claim under § 512(f).

## V. CONCLUSION

For the reasons discussed above, the Court **DENIES** Take-Two's Motion to Dismiss PlayerAuctions's Counterclaim. (Dkt. No. 37.)

**IT IS SO ORDERED.**

March 26, 2026

_____
**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**