KARIN G. PAGNANELLI (SBN 174763)
  kgp@msk.com
MARC E. MAYER (SBN 190969)
  mem@msk.com
JAMES D. BERKLEY (SBN 347919)
  jdb@msk.com
MARK C. HUMPHREY (SBN 291718)
  mxh@msk.com
MITCHELL SILBERBERG & KNUPP LLP
2049 Century Park East, 18th Floor
Los Angeles, CA 90067-3120
Telephone:  (310) 312-2000
Facsimile:  (310) 312-3100

Attorneys for Plaintiff and Counter-Defendant, Take-Two Interactive Software, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAKE-TWO INTERACTIVE SOFTWARE, INC.,<br><br>        Plaintiff,<br><br>        v.<br><br>PLAYERAUCTIONS, INC., a company organized under the laws of Delaware; IMI EXCHANGE LLC, a company organized under the laws of Delaware; PAIAO NETWORK TECHNOLOGY (SHANGHAI) CO., LTD. (拍奥网络科技（上海）有限公司), a/k/a PLAYERAUCTIONS (SH) CO. LTD., a company organized under the laws of China; and DOES 1 through 10, inclusive,<br><br>        Defendants.<br><br><br>AND RELATED CROSS-ACTION | CASE NO. 2:25-cv-01880-ODW (JDE*x*)<br><br>Judge: Hon. Otis D. Wright, II<br><br>**COUNTER-DEFENDANT TAKE-TWO INTERACTIVE SOFTWARE, INC.'S ANSWER TO COUNTER-PLAINTIFF PLAYERAUCTIONS, INC.'S COUNTERCLAIMS**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Filed: March 4, 2025<br>FAC: September 16, 2025<br>Counterclaims: September 30, 2025 |

Plaintiff and Counter-Defendant Take-Two Interactive Software, Inc. ("Plaintiff" or "Take-Two") hereby responds to the Counterclaims of Defendant and Counter-Plaintiff PlayerAuctions, Inc.'s ("Defendant" or "PlayerAuctions") (ECF 33) as follows:

## PRELIMINARY STATEMENT

1. Plaintiff denies that players of its games have any ownership rights in their accounts or Plaintiff's copyrighted materials. Plaintiff lacks knowledge as to the remaining allegations in this Paragraph, therefore, Plaintiff denies any and all remaining allegations contained in Paragraph 1.

2. Plaintiff denies that PlayerAuctions' marketplace is a "trusted environment." Plaintiff lacks knowledge as to the remaining allegations in this Paragraph, therefore, Plaintiff denies any and all remaining allegations contained in Paragraph 2.

3. Plaintiff lacks knowledge as to the allegations in this Paragraph, therefore, Plaintiff denies the allegations contained in Paragraph 3.

4. Plaintiff lacks knowledge as to the allegations in this Paragraph, therefore, Plaintiff denies the allegations contained in Paragraph 4.

5. Plaintiff lacks knowledge as to the allegations in this Paragraph, therefore, Plaintiff denies the allegations contained in Paragraph 5.

6. Plaintiff admits that it filed a complaint against PlayerAuctions. Plaintiff denies any and all remaining allegations contained in Paragraph 6.

7. Plaintiff denies the allegations contained in Paragraph 7.

8. Plaintiff denies the allegations contained in Paragraph 8.

9. In response to Paragraph 9, the allegations of this paragraph require a legal conclusion and thus no response to those allegations is required. To the extent a response is required, Plaintiff admits that it has asserted copyright infringement claims against PlayerAuctions. Plaintiff admits that it sent takedown notices

Mitchell
Silberberg &
Knupp LLP

21546883.3

2

ANSWER TO COUNTERCLAIMS

pursuant to the Digital Millennium Copyright Act regarding the infringing content on PlayerAuctions's website. Plaintiff denies any and all remaining allegations contained in Paragraph 9.

10.    In response to Paragraph 10, the allegations of this paragraph require a legal conclusion and thus no response to those allegations is required. To the extent a response is required, Plaintiff admits that it has asserted copyright infringement claims against PlayerAuctions. Plaintiff denies any and all remaining allegations contained in Paragraph 10.

11.    In response to Paragraph 11, the allegations of this paragraph require a legal conclusion and thus no response to those allegations is required. To the extent a response is required, Plaintiff admits that it has asserted copyright infringement claims against PlayerAuctions. Plaintiff denies any and all remaining allegations contained in Paragraph 11.

## COUNTERCLAIMS PARTIES

12.    Plaintiff lacks knowledge as to the allegations in this Paragraph, therefore, Plaintiff denies the allegations contained in Paragraph 12.

13.    Plaintiff admits the allegations contained in Paragraph 13.

## JURISDICTION AND VENUE

14.    In response to Paragraph 14, the allegations of this paragraph require a legal conclusion and thus no response to those allegations is required. To the extent a response is required, Plaintiff admits that PlayerAuctions purports to bring a civil action arising under the Copyright Act but deny that PlayerAuctions is entitled to any relief admitted thereunder. Plaintiff does not contest the Court has subject matter jurisdiction over this action.

15.    In response to Paragraph 15, the allegations of this paragraph require a legal conclusion and thus no response to those allegations is required. To the extent a response is required, Plaintiff does not contest personal jurisdiction in this action.

Mitchell
Silberberg &
Knupp LLP

21546883.3

3

**ANSWER TO COUNTERCLAIMS**

16.    In response to Paragraph 16, the allegations of this paragraph require a legal conclusion and thus no response to those allegations is required. To the extent a response is required, Plaintiff does not contest personal jurisdiction or venue in this action.

## FACTUAL ALLEGATIONS

17.    Plaintiff admits the allegations contained in Paragraph 17.

18.    Plaintiff admits the allegations contained in Paragraph 18.

19.    In response to Paragraph 19, Plaintiff admits that Exhibit A to the Answer and Counterclaim purports to be a true and correct copy of the DMCA takedown notice. The document speaks for itself.

20.    In response to Paragraph 20, Plaintiff admits that Exhibit B to the Answer and Counterclaim purports to be a true and correct copy of Appendix 1 to the DMCA takedown notice. The documents speak for themselves.

21.    In response to Paragraph 21, Plaintiff states that the DMCA takedown notice speaks for itself.

22.    In response to Paragraph 22, Plaintiff admits that Exhibit C to the Answer and Counterclaim purports to be a true and correct copy of Appendix 2 to the DMCA takedown notice. The documents speak for themselves.

23.    Plaintiff denies the allegations in Paragraph 23.

24.    In response to Paragraph 24, Plaintiff states that the DMCA takedown notice speaks for itself.

25.    Plaintiff denies the allegations contained in Paragraph 25.

26.    Plaintiff denies the allegations contained in Paragraph 26.

27.    Plaintiff denies the allegations contained in Paragraph 27.

28.    Plaintiff denies the allegations contained in Paragraph 28.

29.    Plaintiff denies the allegations contained in Paragraph 29.

Mitchell
Silberberg &
Knupp LLP

4

**ANSWER TO COUNTERCLAIMS**

21546883.3

30.     In response to Paragraph 30, Plaintiff states that the DMCA takedown notice speaks for itself. Plaintiff denies any and all remaining allegations contained in Paragraph 30.

31.     In response to Paragraph 31, Plaintiff states that the DMCA takedown notice speaks for itself. Plaintiff denies any and all remaining allegations contained in Paragraph 31.

32.     Plaintiff denies the allegations contained in Paragraph 32.

33.     In response to Paragraph 33, Plaintiff states that the DMCA takedown notice speaks for itself. Plaintiff denies any and all remaining allegations contained in Paragraph 33.

34.     Plaintiff denies the allegations contained in Paragraph 34.

35.     Plaintiff denies the allegations contained in Paragraph 35.

36.     Plaintiff denies the allegations contained in Paragraph 36.

37.     Plaintiff denies the allegations contained in Paragraph 37.

38.     Plaintiff denies the allegations contained in Paragraph 38.

39.     In response to Paragraph 39, Plaintiff states that the DMCA takedown notice speaks for itself. Plaintiff denies any and all remaining allegations contained in Paragraph 39.

40.     Plaintiff denies the allegations contained in Paragraph 40.

41.     Plaintiff denies the allegations contained in Paragraph 41.

42.     Plaintiff lacks knowledge as to the allegations in this Paragraph, therefore, Plaintiff denies the allegations contained in Paragraph 42.

<u>COUNT I</u>

**MISREPRESENTATION UNDER THE DIGITAL MILLENNIUM COPYRIGHT ACT IN VIOLATION OF 17 U.S.C. § 512**

43.     Plaintiff realleges and incorporates herein by reference its responses to paragraphs 1 through 42 as though fully set forth herein.

Mitchell
Silberberg &
Knupp LLP

21546883.3

**ANSWER TO COUNTERCLAIMS**

44.    In response to Paragraph 44, the allegations of this paragraph contain only reference to a legal authority and thus no response to those allegations is required.

45.    Plaintiff denies the allegations contained in Paragraph 45.

46.    Plaintiff denies the allegations contained in Paragraph 46.

47.    Plaintiff denies the allegations contained in Paragraph 47.

48.    Plaintiff denies the allegations contained in Paragraph 48.

49.    Plaintiff denies the allegations contained in Paragraph 49.

50.    Plaintiff denies the allegations contained in Paragraph 50.

51.    Plaintiff denies the allegations contained in Paragraph 51.

52.    Plaintiff admits that it enforces its copyrights and that it takes appropriate action when it has actual notice of such infringement.

53.    Plaintiff denies the allegations contained in Paragraph 53.

54.    Plaintiff denies the allegations contained in Paragraph 54.

55.    Plaintiff denies the allegations contained in Paragraph 55.

56.    Plaintiff denies the allegations contained in Paragraph 56.

57.    In response to Paragraph 57, the allegations of this paragraph require a legal conclusion and thus no response to those allegations is required. To the extent a response is required, Plaintiff denies the allegations contained in Paragraph 57.

58.    In response to Paragraph 58, the allegations of this paragraph require a legal conclusion and thus no response to those allegations is required. To the extent a response is required, Plaintiff denies the allegations contained in this Paragraph regarding its own conduct and lacks knowledge as to the allegations in this Paragraph regarding PlayerAuctions' conduct, and therefore, denies any and all remaining allegations.

59.    In response to Paragraph 59, the allegations of this paragraph require a legal conclusion and thus no response to those allegations is required. To the extent a response is required, Plaintiff denies the allegations contained in Paragraph 59.

Mitchell
Silberberg &
Knupp LLP

21546883.3

6

**ANSWER TO COUNTERCLAIMS**

## PRAYER FOR RELIEF

Plaintiff denies that Defendant is entitled to a judgment in favor of Defendant, or any other relief listed under their Prayer for Relief.

## PLAINTIFF'S AFFIRMATIVE AND OTHER DEFENSES

In further response to the Counterclaim, Plaintiff asserts the following affirmative and other defenses against the claims and allegations asserted against Plaintiff in in the Counterclaim, without waiving or excusing the burden of proof of Defendant on each or any of these matters, and without admitting that Plaintiff bears the burden of persuasion or presentation of evidence on each or any of these matters.  Plaintiff does not presently know all of the facts and circumstances with respect to Defendant's claims and allegations in the Counterclaim, and reserves the right to amend its Answer to the Counterclaim and rely upon additional defenses.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

1.     The Counterclaim is barred because Defendants failed to state a claim upon which relief can be granted, including because the cease and desist letter sent by Take-Two on April 26, 2024, alleged copyright infringement reasonably and with subjective good faith and because each of the listings identified in the DMCA takedown notice violated Take-Two's copyrights at least by exceeding the scope of the limited license by which users access and use GTA V.

## SECOND AFFIRMATIVE DEFENSE
### (Unclean Hands)

2.     The Counterclaim is barred by the doctrine of unclean hands. Defendants operate a commercial "marketplace" whose existence is predicated upon inducing users of GTA V to breach their agreements with Take-Two under

Mitchell
Silberberg &
Knupp LLP

7

**ANSWER TO COUNTERCLAIMS**

21546883.3

the Rockstar TOS, to exceed the scope of Take-Two's limited licenses to users, and upon infringement of Take-Two's valuable copyrights and trademarks.

### THIRD AFFIRMATIVE DEFENSE

### (Good Faith)

3. The Counterclaim is barred because Plaintiff's actions were reasonable, justified, privileged and in good faith. As set forth both in the April 26, 2024 letter and in Take-Two's First Amended Complaint, Take-Two consistently taken the justifiable position that all "Listings" on Defendants' so-called "GTA Marketplace" constitute copyright infringement, either directly, secondarily, or both.

### FOURTH AFFIRMATIVE DEFENSE

### (Waiver, Acquiescence, and/or Estoppel)

4. The Counterclaim is barred by the doctrines of waiver, acquiescence and/or estoppel. Among other things, on or about October 29, 2024, Defendants wrote to Take-Two's counsel, claiming that they had "disabled access to 1,979 webpages identified" in Take-Two's April 26, 2024 cease and desist letter, and Defendants never objected to Take-Two's demand that the listings be removed. Nor did Defendants send Take-Two any counter-notifications pursuant to 17 U.S.C. § 512(g)(3) asserting that such takedowns had been the result of misidentification or mistake.

### FIFTH AFFIRMATIVE DEFENSE

### (No Damages)

5. Defendants suffered no damage by reason of any act alleged in the Counterclaim. On information and belief, Defendants cannot support that any revenues or profits were lost as the result of the April 26, 2024 cease and desist letter, and in any event, any such revenues or profits would have been unlawful and inequitable.

### SIXTH AFFIRMATIVE DEFENSE

Mitchell Silberberg & Knupp LLP

21546883.3

8

**ANSWER TO COUNTERCLAIMS**

**(Failure to Mitigate Damages)**

6.      Defendants failed to mitigate their damages.  Had Defendants believed the removal of the links as demanded in the April 26, 2024 cease and desist letter was not supported by a good faith belief, they could have notified Take-Two.  Instead, Defendants waited to be sued to raise the claim.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Lack of Causation)**

7.      Any alleged damages of Defendants were not proximately or legally caused by Take-Two.  On information and belief, Defendants cannot support with evidence that any revenues or profits were lost as the result of the April 26, 2024 cease and desist letter, and in any event, any such revenues or profits would have been unlawful and inequitable.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Standing)**

8.      Defendants lack standing to assert a claim under 17 U.S.C. § 512(j), including because they do not meet the definition of "service provider" under 17 USC § 512(k)(1).

**NINTH AFFIRMATIVE DEFENSE**

**(First Amendment)**

9.      Defendants' Counterclaim is barred because the April 26, 2024 cease and desist letter constitutes protected conduct and speech under the First Amendment.

**RESERVATION OF ADDITIONAL DEFENSES**

10.      Plaintiff expressly reserves the right to assert and rely upon additional affirmative defenses that become available or known during the course of this action, or otherwise.

**PLAINTIFF'S PRAYER FOR RELIEF**

Mitchell Silberberg & Knupp LLP

9

**ANSWER TO COUNTERCLAIMS**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment as follows:

1.    Dismissing Defendant's Counterclaim with prejudice;

2.    Awarding judgment in favor of Plaintiff and against Defendants on all claims asserted in Plaintiff's First Amended Complaint;

3.    Awarding Plaintiff disgorgement of Defendants' profits, in an amount to be determined at trial;

4.    Awarding Plaintiff injunctive relief, statutory damages, exemplary and punitive damages, and imposition of a constructive trust in the manners set forth in Plaintiff's First Amended Complaint;

5.    Awarding Plaintiff treble profits pursuant to 15 U.S.C. § 1117(b);

6.    Awarding Plaintiff interest, reasonable attorneys' fees, and costs incurred in maintaining this action, to the fullest extent allowed under 15 U.S.C. § 1117 and 17 U.S.C. § 505; and

7.    Awarding such additional relief as the Court deems just and proper.


DATED:  April 17, 2026            KARIN G. PAGNANELLI
                                  MARC E. MAYER
                                  JAMES D. BERKLEY
                                  MARK C. HUMPHREY
                                  MITCHELL SILBERBERG & KNUPP LLP


                                  By: /s/ Karin G. Pagnanelli
                                      Karin G. Pagnanelli (SBN 174763)
                                      Marc E. Mayer (SBN 190969)
                                      James D. Berkley (SBN 347919)
                                      Mark C. Humphrey (SBN 291718)
                                      Attorneys for Plaintiff and Counter-
                                      Defendant, Take-Two Interactive
                                      Software, Inc.

Mitchell
Silberberg &
Knupp LLP

21546883.3

10

**ANSWER TO COUNTERCLAIMS**

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff demands, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues, including all claims.

DATED:  April 17, 2026

KARIN G. PAGNANELLI
MARC E. MAYER
JAMES D. BERKLEY
MARK C. HUMPHREY
MITCHELL SILBERBERG & KNUPP LLP

By: */s/ Karin G. Pagnanelli*
Karin G. Pagnanelli (SBN 174763)
Marc E. Mayer (SBN 190969)
James D. Berkley (SBN 347919)
Mark C. Humphrey (SBN 291718)
Attorneys for Plaintiff and Counter-Defendant, Take-Two Interactive Software, Inc.

Mitchell
Silberberg &
Knupp LLP

21546883.3

11

**ANSWER TO COUNTERCLAIMS**