**DYKEMA GOSSETT LLP**
Brian H. Newman (SBN 205373)
*bnewman@dykema.com*
Martin F. Hirshland, (SBN. 322629)
*MHirshland@dykema.com*
David Ter-Petrosyan, (SBN: 364183)
*DTer-Petrosyan@dykema.com*
444 S. Flower Street, Suite 2200
Los Angeles, CA 90071
Telephone: (213) 457-1800
Facsimile: (213) 457-1850

**DYKEMA GOSSETT PLLC**
Michael J. Word (*pro hac vice*)
*MWord@dykema.com*
10 South Wacker Drive, Suite 2300
Chicago, IL 60606
Telephone: (312) 876-1700
Facsimile: (312) 876-1155

J. Daniel Harkins (*pro hac vice*)
*dharkins@dykema.com*
112 East Pecan Street, Suite 1800
San Antonio, TX 78205
Telephone: (210) 554-5500
Facsimile: (866) 219-7593

Attorneys for Defendants



**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

TAKE-TWO INTERACTIVE SOFTWARE, INC.,

Plaintiff,

v.

PLAYERAUCTIONS, INC., a company organized under the laws of Delaware; IMI EXCHANGE LLC, a company organized under the laws of Delaware; PAIAO NETWORK TECHNOLOGY (SHANGHAI) CO., LTD. (拍奥网络科技（上海）有限公 司), a/k/a PLAYERAUCTIONS (SH) CO. LTD., a company organized under the laws of China; and DOES 1 through 10, inclusive,

Defendants.

Case No. 2:25-cv-01880 ODW (JDE)

Hon. Otis D. Wright, II
Courtroom 5D

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATION FOR CONTINUANCE OF TRIAL DATE AND ALL RELATED DEADLINES;**

[Declaration of Martin F. Hirshland filed concurrently herewith]

Complaint Filed: March 4, 2025

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

## TABLE OF CONTENTS

**Page**


I. INTRODUCTION ........................................ 5

II. ARGUMENT ........................................ 6

- A. Take-Two Fails to Justify its Application for *Ex Parte* Relief. ........ 6
- B. Plaintiff Fails to Establish the Requisite "Good Cause" for its Demand for a Continuance. ........ 9
  - 1. Plaintiff Has Not Been Diligent. ........ 10
  - 2. The Motions Pending Before Judge Early Do Not Justify Relief ........ 12
  - 3. Plaintiff's Alleged Scheduling Conflicts Do Not Justify Relief ........ 13
- C. Defendants Will Be Prejudiced by Further Delay By Plaintiff. ........ 14

III. CONCLUSION ........................................ 16

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

## TABLE OF AUTHORITIES

Page(s)

**CASES**

*Albornoz v. Wal-Mart Assocs., Inc.*,
No. 1:22-cv-01229-JLT-CDB, 2023 U.S. Dist. LEXIS 196192, 2023 WL 7286568 (E.D. Cal. Nov. 1, 2023) ........ 13

*Anderson v. Air W., Inc.*,
542 F.2d 522 (9th Cir. 1976) ........ 15

*Andy's BP, Inc. v. Franklin Fueling Sys.*,
No. 15-cv-05745-BLF, 2017 U.S. Dist. LEXIS 119949 (N.D. Cal. July 31, 2017) ........ 12

*Copelan v. Infinity Ins. Co.*,
359 F. Supp. 3d 926 (C.D. Cal. 2019) ........ 8

*Fanmio, Inc. v. Garcia*,
No. 2:25-cv-02221-MWC-PVC, 2026 LX 479353 (C.D. Cal. Aug. 10, 2026) ........ 13

*Henderson v. Duncan*,
779 F.2d 1421 (9th Cir. 1986) ........ 14

*In re W. States Wholesale Nat. Gas Antitrust Litig.*,
715 F.3d 716 (9th Cir. 2013), *aff'd sub nom. Oneok, Inc. v. Learjet, Inc.*, 575 U.S. 373, 135 S. Ct. 1591, 191 L. Ed. 2d 511 (2015) ........ 14

*Jackson v. Laureate, Inc.*,
186 F.R.D. 605 (E.D. Cal. 1999) ........ 10, 14

*Johnson v. Mammoth Recreations, Inc.*,
975 F.2d 604 (9th Cir. 1992) ........ 9, 14

*Laatz v. Zazzle, Inc.*,
No. 5:22-cv-04844-BLF, 2024 LX 285518, – 5 (N.D. Cal. Sep. 9, 2024) ........ 15

*Mission Power Eng'g Co. v. Cont'l Cas. Co.*,
883 F. Supp. 488 (C.D. Cal. 1995) ........ 7, 8

*Robinson v. PPG Indus., Inc.*,
No. 2:19-cv-04033-ODW, 2021 U.S. Dist. LEXIS 253730 (C.D. Cal. Feb. 18, 2021) ........ 16, 17

*Rosen v. Hollywood Show, LLC*,
No. 2:18-cv-00215-CAS, 2019 U.S. Dist. LEXIS 13431 (C.D. Cal. Jan. 25, 2019) ........ 7

*Virtru Corp. v. Microsoft Corp.*,
No. 2:23-cv-872, 2025 LX 257996 (W.D. Wash. Apr. 9, 2025) ........ 13

*Zivkovic v. S. Cal. Edison Co.*,
302 F.3d 1080 (9th Cir. 2002) .......... 9

**RULES**

Fed. R. Civ. P. 16(b) .......... 9, 14

Fed. R. Civ. P. 16(b)(4) .......... 9

Fed. R. Civ. P. 33(a)(1) .......... 16

**STATUTES**

DMCA .......... 11, 15

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

Defendants PlayerAuctions, Inc., IMI Exchange LLC, and Paiao Network Technology (Shanghai) Co., Ltd. (拍奥网络科技（上海）有限公 司), a/k/a PlayerAuctions (Sh) Co. Ltd. (collectively, "Defendants") **hereby oppose** Plaintiff Take-Two Interactive Software, Inc.'s *Ex Parte* Motion For An Order To Continue the Trial and all related deadlines in this case, (Dkt. No. 99 (the "*Ex Parte* Motion" or "Mot.")), and respond as follows:

## I. INTRODUCTION

Like its last such request in this case,[1] Plaintiff fails to show that it meets the stringent requirements for the "extraordinary relief" of an *ex parte* application. With the sole exception of the Magistrate Judge Early's brief continuance of the hearing on the parties' motions to compel, everything that Plaintiff relies upon for its *ex parte* application has long been known to Plaintiff or has been within Plaintiff's control. Moreover, Plaintiff waited until the last-minute—mere days before the deadline for expert disclosures—before even raising an extension. When it finally did, Plaintiff was less than forthcoming about the basis for an extension, or even the length of the extension it was seeking.

When Plaintiff's counsel finally came forward with length of the extension and its supposed bases, Defendants rightfully objected to Plaintiff's proposed months-long delay and the timing of Plaintiff's request. Nevertheless, Defendants, in the spirit of compromise and in good faith, agreed to an extension based on the Court's continuance of the hearing on the parties' motions to compel. Plaintiff rejected this compromise, and further rejected Defendants' attempts to address Plaintiff's concerns about deadlines falling on certain holidays. Rather than

The parties have known about the schedule in this case—including the upcoming deadline for expert disclosures—for almost a year. Plaintiff has failed to establish the "good cause" for its demand for such an extensive deadline, as

[1] *See* Dkt. 47 (Order DENYING Plaintiff's Ex Parte Application).

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

explained in detail below. Moreover, Plaintiff has failed to explain why Defendants' proposed compromise is insufficient to address its concerns.

As a result, the Court should deny Plaintiff's *ex parte* application for a continuance. To the extent that the Court determines that an continuance is warranted, the Court should address the prejudice to Defendants by allowing it to serve additional interrogatories and by continuing the deadlines consistent with the following proposed schedule:

| **Event** | **Proposed New Deadline** |
|---|---|
| Fact Discovery Cutoff | 11/19/2026 |
| Expert Discovery Cutoff | 1/20/2027 |
| Deadline to Conduct Settlement Conference | 12/31/2026 |
| Last Date to Hear Motions | 1/11/2027 |
| Deadline to File Status Report re Settlement | 1/21/2027 |
| Deadline to File Trial Filings | 3/1/2027 |
| Deadline to File MIL | 3/8/2027 |
| Final Pretrial Conference | 3/15/2027 |
| Deadline to File MIL Oppositions | 3/16/2027 |
| Hearing on MIL | 3/29/2027 |
| Final Trial Exhibit Stipulation | 4/5/2027 |
| Trial | 4/13/2027 |

## II. <u>ARGUMENT</u>

### A. Take-Two Fails to Justify its Application for *Ex Parte* Relief.

Plaintiff Take-Two Interactive Software, Inc. ("Plaintiff") fails to justify its request for *ex parte* relief. *Ex parte* applications are solely for extraordinary relief and should be used with discretion. (Court's Courtroom Rules § VII.C (citing *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 490 (C.D. Cal. 1995)). "In order to justify *ex parte* relief, the moving party must establish (1) that its cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures, and (2) that it is without fault in creating the

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

crisis that requires *ex parte* relief, or that the crisis occurred as a result of excusable neglect." *Rosen v. Hollywood Show, LLC*, No. 2:18-cv-00215-CAS, 2019 U.S. Dist. LEXIS 13431 at *1 (C.D. Cal. Jan. 25, 2019) (citing *Mission Power Eng'g Co.*, 883 F. Supp. at 492). "In other words, [an *ex parte* application] must show why the moving party should be allowed to go to the head of the line in front of all other litigants and receive special treatment." *Mission Power Eng'g Co.*, 883 F. Supp. at 492. Plaintiff's arguments do not establish the two required *ex parte* factors of irreparable prejudice and excusable fault.

With respect to irreparable prejudice, Plaintiff's sole claim is that a regularly noticed motion would not result in a hearing until September 21, 2026, that the close of fact discovery is set for October 5, 2026, and that Plaintiff allegedly will not have the opportunity "to take meaningful depositions or make expert disclosures" under this timeframe. (*Ex Parte* Mot. at 16-17.) Regardless of whether this rises to the level of "irreparable prejudice," Plaintiff fails to explain why Plaintiff is not at fault in creating the "crisis" that it now finds itself in. With respect to depositions, Plaintiff did not serve its first deposition notices in this case until around a week ago, on August 19, 2026. Declaration of Martin F. Hirshland ("Hirshland Decl."), ¶ 24. Plaintiff offers no explanation for why it delayed serving these deposition notices. With respect to expert disclosures, Plaintiff has known of the upcoming deadline since the Court entered the Scheduling Order nearly a year ago, and Plaintiff provides no reason why it cannot prepare its disclosures by this deadline. Plaintiff categorically fails to establish that it is "without fault" here.

Plaintiff refuses to accept responsibility for its own delays and lack of diligence, and instead attempts to blame Defendants with unsupported and generic claims about an alleged "failure" to produce documents. But Plaintiff's only support for this claim is a single document that Plaintiff claims refers to a "Sellers Discussion Group." (*Ex Parte* Mot. at 16-17.) But this document was produced more than a month ago on July 17, 2026, and Plaintiff did not raise it until the

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

weekend before it filed its *ex parte* application. Again, Plaintiff provides no reason or excuse for its delay or lack of diligence. More significantly, Plaintiff cannot explain why this document or any other alleged lack of discovery has made it "impossible" for Plaintiff to notice or take depositions or to provide expert reports.

To the extent that Plaintiff believed that an extension of discovery was necessary in this case, it should have—and easily could have—raised it months ago instead of waiting until the last minute and filing its application *ex parte*. The fact that Plaintiff delayed its request for an extension until very recently suggests the very "gamesmanship" that other courts have warned against:

> "The fact that opposing parties are usually given an opportunity to argue or file opposing papers does not mask the plain truth: these hybrid *ex parte* motions are inherently unfair, and they pose a threat to the administration of justice. They debilitate the adversary system. Though the adversary does have a chance to be heard, the parties' opportunities to prepare are grossly unbalanced. Often, the moving party's papers reflect days, even weeks, of investigation and preparation; the opposing party has perhaps a day or two. This is due primarily to gamesmanship."

*Mission Power Eng'g*, 883 F. Supp. at 490. Instead of raising the need for an extension weeks or even months ago, Plaintiff intentionally delayed. The Court should not allow Plaintiff's attempt to prevent sufficient time for a reasoned opposition, especially when Plaintiff offers no justification for its long delay and makes no showing of irreparable harm that is not attributable to its own delay.

Plaintiff's own inexcusable delay and failure to establish the required *ex parte* factors warrants the outright denial of Plaintiff's requested relief. *See Copelan v. Infinity Ins. Co.*, 359 F. Supp. 3d 926, 928 (C.D. Cal. 2019) (denying *ex parte* application where, as here, plaintiff made no argument for irreparable prejudice and the failure to timely file were created by plaintiff's own delay). Alternatively, the

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

Court should enter an order setting an accelerated briefing schedule on the Motion so that Plaintiff does not benefit from its attempt at gamesmanship, and so that the Court may have the benefit of opposing authority and arguments on key points raised in the Motion.

**B. Plaintiff Fails to Establish the Requisite "Good Cause" for its Demand for a Continuance.**

Even if Plaintiff were able to meet the burden of showing that extraordinary relief is warranted, which Plaintiff has not, Plaintiff's request must be denied because good cause does not exist to support continuance of the trial date and all other deadlines. As the Honorable Court's standing order provides: "The Court has a strong interest in keeping scheduled dates certain. Changes in dates are disfavored. Trial dates set by the Court are firm and will rarely be changed."[2]

The Court's preference mirrors the Federal Rules and well-established case law. A scheduling order may be modified only with the Court's leave, for good cause. Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "If the party seeking the modification 'was not diligent, the inquiry should end' and the motion to modify should not be granted." *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting *Johnson*, 975 F.2d at 609).

Here, the Case Scheduling Order in this case provides that Plaintiff must provide "[s]pecific, concrete reasons supporting good cause for granting the extension" which Plaintiff fails to do. *See* Dkt. 35 at para. 6(d)(ii).

Further:

- The Court's schedule has been guiding the parties since September 2025, and Plaintiff has known about all relevant dates since then;

[2] https://apps.cacd.uscourts.gov/Jps/honorable-otis-d-wright-ii

- Plaintiff has been aware of the release of GTA VI since it was announced in November of 2025 (https://x.com/RockstarGames/status/1986540361011880167?lang=en)[3];
- Plaintiff's amorphous "press of business" allegedly related to a different video game does not indicate that Plaintiff will be unable to litigate this case; and
- Plaintiff's nonspecific scheduling issues are unexplained and unsupported, and Plaintiff does not explain why another unknown matter should take precedence over this one.

1. Plaintiff Has Not Been Diligent

Plaintiff claims that Defendants have not been forthcoming in discovery, but the opposite is true. Defendants have produced over 25,000 pages of documents in eight separate productions, with the latest production occurring on August 4, 2026. Hirshland Decl. ¶ 11. Plaintiff waited until 11:30 p.m. on Friday August 21, 2026 to raise a limited number of discreet technical issues with Defendants' prior document productions, which Defendants will address with Plaintiff as appropriate in connection with the parties' meet and confer process. *Id*. at ¶ 12. Plaintiff does not identify any alleged deficiencies in Defendants' discovery responses and document production which will affect Plaintiff's ability to fully argue its claims and defenses at trial, and in fact Plaintiff takes no issue with any Interrogatory responses provided by Defendants. *Id*. at ¶ 13. Plaintiff refers amorphously to Defendants' alleged "outright refusals to produce documents" which is disingenuous at best given the voluminous production of over 25,000 responsive documents by Defendants. *Id*. at ¶ 14.

[3] *See Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 609 (E.D. Cal. 1999) (Denying motion to modify scheduling order because "[Plaintiff] fails to demonstrate that her inability to comply with the Rule 16 Scheduling Order results from her having become aware of information that she could not have reasonably foreseen at the time the Rule 16 Scheduling Order became final.")



DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

In contrast to Defendants, Plaintiff has not been diligent. By way of example and without limitation, despite Plaintiff filing this case in March of 2025 and Defendants serving Plaintiff with an initial set of Interrogatories in November 2025, Plaintiff waited until July 16, 2026 to respond to Interrogatory No. 4 asking Plaintiff to state the basis of its copyright infringement claim. *Id*. at ¶ 15. Despite Plaintiff's representation that Plaintiff would provide a supplemental response to Interrogatory No. 4, Plaintiff dragged its feet for over 6 months and only finally did so after Defendants were forced to incur the time and expense of meeting and conferring for months and filing a Motion to Compel. *Id*. at ¶ 16. Based on Plaintiff's insufficient supplemental response to Interrogatory No. 4, Plaintiff's claims of infringement are premised on "screenshots" of the GTA Online game that are publicly available on Defendants' website and which Plaintiff was well-aware of even before Plaintiff filed this case because Plaintiff previously sent a pre-litigation DMCA takedown notice to Defendants referencing this information. *Id*. at ¶ 17. Plaintiff also refused to provide an answer to Interrogatory No. 10 seeking information on Plaintiff's revenues earned in connection with Plaintiff's copyrighted works at issue until ordered to do so by Magistrate Judge Early. *See* Dkt. 81, Hirshland Decl., ¶ 18.

Further, Plaintiff has refused to produce all documents responsive to Defendants' Request for Production Nos. 1, 2, 3, 14, 15, 18, 19, 20, 21, 22, 24, 25, 27, 43, 44, 45, 46, 48, 49, 50, 51, and 52, despite Plaintiff's representation in January of 2026 that Plaintiff would produce the documents. *Id*. at ¶ 19. In fact, Plaintiff's statements indicate that Plaintiff is unjustifiably withholding responsive documents and refusing to produce them until the very last minute. For example, Plaintiff stated in a February 20, 2026 letter that that until an unrelated metadata issue was "resolved", Plaintiff would "go no further in production of its own documents to Defendants". *Id*. at ¶ 20. On March 9, 2026, Plaintiff stated in an email that Plaintiff refused to commit to an end date for Plaintiff's production of documents, and vaguely stated that Plaintiff would "continue to make reasonable

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

efforts to locate and produce documents" without committing to when Plaintiff's document production would be complete. *Id*. at ¶ 21. On April 2, 2026, in opposition to a Motion to Compel filed by Defendants seeking an order that Plaintiff produce all responsive documents, Plaintiff argued that it was "not appropriate to seek court intervention when there is an understanding that production will be rolling, and fact discovery does not close until October, 2026." *Id*. at ¶ 22.

Finally, again despite filing this case in March of 2025, Plaintiff did not serve a single deposition notice until August 19, 2026, and set the first deposition for this case for September 14, 2026 (which is a deposition of Defendants' in-house counsel). *Id*. at ¶ 24. Incredibly, Plaintiff's *Ex Parte* Motion states for the first time that none of Plaintiff's witnesses are available to be deposed until 2027. *See* Mot. at p. 14. Plaintiff brought this litigation, Plaintiff has known the case schedule for a year, and with four (4) months left in 2026 Plaintiff is essentially saying Plaintiff will not make their witnesses available until next year and plans to impede Defendants' upcoming deposition efforts. This type of attempted delay and obstruction is not attributable to Defendants, is unwarranted, and is frankly unconscionable.

Defendants should not be punished for Plaintiff's lack of diligence in this case, and Plaintiff's *ex parte* application must be denied. *See Andy's BP, Inc. v. Franklin Fueling Sys.*, No. 15-cv-05745-BLF, 2017 U.S. Dist. LEXIS 119949, at *3 (N.D. Cal. July 31, 2017) ("The late discovery of evidence from the public internet and depositions taken at the very end of fact discovery is the result of Plaintiffs' own lack of diligence, which ends the Court's inquiry.")

2. <u>The Motions Pending Before Judge Early Do Not Justify Relief</u>

Defendants' two (2) pending motions before Magistrate Judge Early concern three simple issues: 1) Plaintiff's failure to produce all documents responsive to Defendants' Request for Productions Nos. 1, 2, 3, 14, 15, 18, 19, 20, 21, 22, 24, 25, 27, 43, 44, 45, 46, 48, 49, 50, 51, and 52; 2) Plaintiff's failure to provide a full and complete response to Interrogatory No. 4 despite agreeing to do so; and 3) Plaintiff

violation of the Magistrate Judge Early's June 11, 2026 Order (Dkt. 81) requiring Plaintiff to fully answer Interrogatory No. 9 without objection, which Plaintiff has failed to do despite being ordered to do so by Magistrate Judge Early. Hirshland Decl., ¶ 23. These issues will be decided at the September 17, 2026 hearing, which is well in advance of the discovery cutoff and still allows this case to proceed in accordance with the schedule set by the Court in September 2025.

Further, the parties have ample time and availability to conduct settlement talks before November 16, 2026.

3. Plaintiff's Alleged Scheduling Conflicts Do Not Justify Relief

Plaintiff does not sufficiently explain how or why another matter should take precedence over this one, and this fact alone warrants denial of the *ex parte* application.

For example, in *Virtru Corp.*, the Court denied a request for a continuance of trial which was premised on an alleged scheduling conflict of counsel, because the Court found that the scheduling conflict "arose after the Court scheduled this trial" and also observed that "[i]t does not make sense to grant a continuance of a long-standing trial date to accommodate one set so much later." *Virtru Corp. v. Microsoft Corp.*, No. 2:23-cv-872, 2025 LX 257996, at *3 (W.D. Wash. Apr. 9, 2025).

Further, the Court in *Fanmio, Inc.* observed that "[g]enerally, scheduling conflicts do not constitute good cause [for a continuance of trial]". *Fanmio, Inc. v. Garcia*, No. 2:25-cv-02221-MWC-PVC, 2026 LX 479353, at *2 (C.D. Cal. Aug. 10, 2026). There, the Court noted that the parties requesting an amendment of the scheduling order "failed to note when 'the need to amend became apparent'—*i.e.*, the parties' Stipulation does not mention for how long they have known about… counsel's trial conflicts." *Ibid*; *See also Albornoz v. Wal-Mart Assocs., Inc.*, No. 1:22-cv-01229-JLT-CDB, 2023 U.S. Dist. LEXIS 196192, 2023 WL 7286568, at *3 (E.D. Cal. Nov. 1, 2023) ("[T]he Court does not find that Defendants have demonstrated diligence or good cause by virtue of trial conflicts for any further

DYKEMA GOSSETT LLP
444 South Flower Street
Suite 2200
Los Angeles, California 90071

extension of case management deadlines.”).

Plaintiff fails to explain how a October 27, 2026 arbitration in a related matter would impair Plaintiff’s ability to prepare for trial in February in this case. *See* Mot. at p. 13.

4. Plaintiff’s Alleged “Press Of Business” Does Not Justify Relief

Plaintiff has been aware of the release of GTA VI since it was announced in November of 2025.[4] Further, Plaintiff’s amorphous “press of business” allegedly related to a different video game does not indicate that Plaintiff will be unable to litigate this case, and Plaintiff offers no factual support for this bare assertion. *See* Mot. at p. 14.

**C. Defendants Will Be Prejudiced by Further Delay By Plaintiff.**

Plaintiff makes the absurd claim that not only will Defendants *not* be prejudiced by months-long delays in this case, Defendants will “benefit” from this extensive delay. To be clear, Defendants’ prejudice is not relevant to Plaintiff’s demand for a continuance. Regardless, Plaintiff’s argument is baseless and Defendants will be prejudiced by Plaintiff’s requested continuance.

Courts may take into account any resulting prejudice to the opposing party, but “the focus of the [Rule 16(b)] inquiry is upon the moving party’s reasons for seeking modification . . . [i]f that party was not diligent, the inquiry should end.” *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013), *aff'd sub nom. Oneok, Inc. v. Learjet, Inc.*, 575 U.S. 373, 135 S. Ct. 1591, 191 L. Ed. 2d 511 (2015) (quoting *Johnson*, 975 F.2d at 609) (alterations in original); *see also Henderson v. Duncan*, 779 F.2d 1421, 1425 (9th Cir. 1986) (“Where counsel

[4] *See Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 609 (E.D. Cal. 1999) (Denying motion to modify scheduling order because “[Plaintiff] fails to demonstrate that her inability to comply with the Rule 16 Scheduling Order results from her having become aware of information that she could not have reasonably foreseen at the time the Rule 16 Scheduling Order became final.”)

DYKEMA GOSSETT LLP
444 South Flower Street
Suite 2200
Los Angeles, California 90071

continues to disregard deadlines, warnings, and schedules set by the district court, we cannot find that a lack of prejudice to defendants is determinative. The record in this case reflects clearly that inordinate delay in the expeditious resolution of litigation, and prejudice to the court's need to manage its docket were being exacerbated by counsel's actions.")

First, Defendants are prejudiced by each day that this case drags on. *See Anderson v. Air W., Inc.*, 542 F.2d 522, 524 (9th Cir. 1976) ("The law presumes injury from unreasonable delay."); *see also Laatz v. Zazzle, Inc.*, No. 5:22-cv-04844-BLF, 2024 LX 285518, at *4 – 5 (N.D. Cal. Sep. 9, 2024) ("Plaintiff has not shown good cause for a general three-month extension of both fact and expert discovery… Moreover, the Court agrees that Defendants would be prejudiced by a wholesale, three-month extension of discovery.")

As noted from the outset of the case, Plaintiff has sought to misuse trademark and copyright law—and Plaintiff's significant financial resources—to try to litigate Defendants out of business. *See* Dkt. 33. Plaintiff has further filed numerous baseless DMCA takedown notices against Defendants in an effort to disrupt Defendants' business. *Ibid*. These frivolous and unwarranted DMCA notices have continued throughout this litigation—in fact, less than a week ago, Defendants received *yet another* baseless DMCA takedown notice from Plaintiff's agent, the Entertainment Software Association. Hirshland Decl. ¶ 25, Ex. B. Defendants have been forced to expend significant resources defending against Plaintiff's overreaching claims, including its invasive discovery demands, and a continuation only provides Plaintiff with more opportunities to drive up Defendants' costs. Defendants are eager to have their day in Court look forward to an adjudication on the merits that will put an end to Plaintiff's abusive practices and will provide much-needed clarity regarding the limits of copyright and trademark law in the video game industry, particularly as it applies to player accounts.

Second, Defendants have been prejudiced by the fact that—unlike Plaintiff—

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

they have been operating based on the Court's Schedule Ordering with the reasonable understanding that discovery deadlines and trial would not be extended. As the Honorable Court's standing order provides: "The Court has a strong interest in keeping scheduled dates certain. Changes in dates are disfavored. Trial dates set by the Court are firm and will rarely be changed."[5]

To that end, Defendants have had to make concessions in the face of Plaintiff's refusal to provide relevant discovery. Chief among these concessions, with the upcoming close of fact discovery, Defendants propounded their last set of interrogatories August 7, 2026 *despite* lacking discovery from Plaintiff on key issues in this case.[6] Hirshland Decl. ¶ 26. Certainly Defendants would have preferred to wait to propound their final discovery requests (as Plaintiff appears to plan to do) until Plaintiff's had provided meaningful discovery in this case, including following the Court's ruling on Defendants' pending motion to compel and motion for sanctions. Because Plaintiff waited until the last possible minute to raise an extension, Defendants have been prejudiced by being forced to propound their final written interrogatories prior to receiving much-needed material discovery from Plaintiff.

## III. <u>CONCLUSION</u>

For the above reasons, the Court should deny Plaintiff's request for a continuance. The Court should reach the same result it reached in the *Robinson* matter:

> "Plaintiff's Ex Parte Application is DENIED… The current case schedule stands unchanged. If the parties wish to stipulate to modifications of

[5] https://apps.cacd.uscourts.gov/Jps/honorable-otis-d-wright-ii

[6] *See* FRCP Rule 33(a)(1) ("Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts.")

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

> the case schedule, they may submit such stipulations to the Court for approval. If the parties cannot reach an agreement, a party requesting modification must file a properly noticed motion to do so, unless an ex parte application is truly necessary. The Court reminds the parties that ex parte applications are solely for extraordinary relief and should be used with discretion. *Sanctions may be imposed for their misuse*. *See* Standing Order, The Honorable Judge Otis D. Wright II."

*Robinson v. PPG Indus., Inc.*, No. 2:19-cv-04033-ODW (RAOx), 2021 U.S. Dist. LEXIS 253730, at *5-6 (C.D. Cal. Feb. 18, 2021) (emphasis in original)

To the extent that the Court decides in its discretion to allow a continuance of the present deadlines, Defendants should be permitted five (5) additional written interrogatories and any delay in deadlines should be consistent with the Court's original case scheduling order.

Dated: August 25, 2026

DYKEMA GOSSETT LLP
By: */s/ Martin F. Hirshland*
Brian H. Newman
Michael J. Word
J. Daniel Harkins
Martin F. Hirshland
David Ter-Petrosyan
*Attorneys for Defendants*

DYKEMA GOSSETT LLP
444 SOUTH FLOWER STREET
SUITE 2200
LOS ANGELES, CALIFORNIA 90071

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for **DEFENDANTS PLAYERAUCTIONS, INC. and IMI EXCHANGE LLC**, certifies that this brief contains 3,832 words, which:

X complies with the word limit of L.R. 11-6.1.

X complies with the word limit set by court order

## CERTIFICATE OF NO USE OF GENERATIVE AI

The undersigned certifies that this submission does not use generative artificial intelligence.

Dated: August 25, 2026

*/s/ Martin F. Hirshland*
Brian H. Newman
Michael J. Word
J. Daniel Harkins
Martin F. Hirshland
David Ter-Petrosyan

*Attorneys for Defendants PlayerAuctions, Inc. and IMI Exchange LLC*